217 So.2d 323 (1969)
In the Matter of THE FLORIDA BAR BOARD OF GOVERNORS' ACTION ON ADOPTION OF PROPOSED NEW STATE CONSTITUTION.
No. 37980.
Supreme Court of Florida.
January 6, 1969.
Fred H. Kent, Jacksonville, for petitioners.
Marshall M. Criser, Palm Beach, President of The Florida Bar, and Marshall R. Cassedy, Tallahassee, Executive Director of The Florida Bar, respondents.
PER CURIAM.
Upon consideration of Petition for Review, it is ordered that said Petition be and the same is hereby denied.
CALDWELL, C.J., and ROBERTS, DREW, THORNAL and ERVIN, JJ., concur.
HOPPING, J. concurs specially with opinion.
HOPPING, Justice (concurring specially).
Petitioners, members of The Florida Bar, filed their "Petition for Review" seeking *324 a determination by this Court of the propriety of the action of the Board of Governors of The Florida Bar in publicly advocating the adoption by the electorate of the proposed revised Constitution of Florida and the expending of funds derived from membership dues for said purpose without first obtaining the approval, by vote, of a majority of the members of The Florida Bar.
Petitioners base their right to review on Article VII of the Integration Rule of The Florida Bar, 32 F.S.A. Article VII cannot serve as a basis for the review sought herein for the reason that it applies only to the adoption, amendment, alteration or repeal of by-laws. Since the action of the Board of Governors complained of does not constitute the adoption, amendment, alteration or repeal of any such by-law the Petition for Review should be denied.
However, because of this Court's inherent power to supervise the activities of The Florida Bar to insure that it is complying with the provisions of the Integration Rule and its by-laws, it is appropriate that the fundamental questions concerning the activities and internal operation of The Florida Bar raised in this Petition should be answered for the edification of the membership of The Florida Bar and its Board of Governors.
In the preamble to the Integration Rule, this Court stated the purposes of The Florida Bar to be:
"To inculcate in its members the principles of duty and service to the public, to improve the administration of justice, and to advance the science of jurisprudence * * *."
Lawyers, as members of an ancient and honorable profession, have a duty to utilize their training and experience in rendering service to the public. See Roscoe Pound, The Lawyer From Antiquity To Modern Man (1953).
Mr. Justice Terrell, speaking for this Court in the case which integrated The Florida Bar, stated:
"It cannot be gainsaid that integration will be what the bar and the court make of it. It was never designed to sacrifice the freedom and initiative of the bar, its boldness and courage in challenging the cause of the downtrodden nor its inherent independence in taking up battle for the minority." Petition of Florida State Bar Ass'n, 40 So.2d 902 (Fla. 1949). (Emphasis added.)
Since the inception of The Florida Bar, the Board of Governors has faced up to its professional responsibility of acting in the spirit of public service and has prepared and advocated adoption by the State Legislature of numerous enactments, including the Mechanics' Lien Law, the Uniform Commercial Code, the Public Defenders' Act, the law providing for filing of administrative rules in the Office of the Secretary of State, and major reforms in the substantive law of this State. It has sponsored adoption by the Legislature and the electorate of Florida, several constitutional amendments including the amendment creating the District Courts of Appeal and the Judicial Qualifications Commission. It has consistently advocated in the Legislature various improvements in the judicial system. Some of these matters were directly related to the administration of justice, some were totally unrelated to the administration of justice, and others were "political" in nature, using the word "political" in its broad sense as pertaining to the organization or administration of government.
The test as to whether or not The Florida Bar should engage in a particular activity is not whether the activity is "political" in nature or directly connected with the administration of justice. The true test is whether the matter is of great public importance, and whether lawyers, because of their training and experience, are especially fitted to evaluate the same. If a matter *325 vitally affects the public and lawyers are peculiarly fitted to evaluate it, it is not only the right but the duty of the Bar as a professional organization to make such evaluation and advise the public of its conclusions.
Article III, Section 1, of the Integration Rule of The Florida Bar provides "the Board of Governors shall be the governing body of The Florida Bar." Article III, Section 1 of the by-laws under the Integration Rule provides:
"The Board of Governors, as the governing body of The Florida Bar elected by the active members, shall be vested with exclusive power and authority to formulate, fix, determine and adopt matters of policy concerning the activities, affairs or organization of The Florida Bar, subject only to any limitations imposed by the Integration Rule."
This grant of power is appropriate because the Board of Governors is the representative governing body elected by the active members of The Florida Bar, "under an apportionment formula that might well satisfy the federal courts." In Re The Florida Bar, 184 So.2d 649, 651 (Fla. 1966) (concurring opinion). The Board of Governors is subject to re-election every two years. As the organized Bar's representative governing body, it should and does establish policy and speak for the membership of The Florida Bar.
One of the purpose of bar integration was, as Mr. Justice Terrell stated:
"Bar integration grew from a felt necessity for an organization that could speak for the profession in esse. It is not a compulsory union but a necessary one to secure the composite judgment of the bar on questions involving its duty to the profession and the public." Petition of Florida State Bar Ass'n, supra, 40 So.2d at 908.
If the matter on which the Board of Governors speaks meets the tests heretofore set out, this Court should not second guess the position taken by the Board of Governors because to do so would substitute this Court's beliefs for that of the Board's. While there is no guarantee that this Court's views represent the views of the lawyers of this state, because the Board of Governors is the duly elected spokesman of the lawyer members of The Florida Bar, its view is at least representative.
To require a referendum of all of its members on all decisions of important matters would, in the language of Mr. Justice O'Connell, "destroy the effectiveness of The Florida Bar." In Re The Florida Bar, supra, 184 So.2d at 652.
Article III, Section 1, of the by-laws under the Integration Rule further provides:
"The Board of Governors shall direct the manner in which all funds of The Florida Bar are disbursed and the purposes therefor * * *."
Moreover, Article IX, Section 1, of the by-laws under the Integration Rule states that:
"The Board of Governors shall be vested with exclusive power, authority and control over all funds, property and assets of The Florida Bar and the method and purpose of disbursement of all funds."
It is apparent that the Board of Governors of The Florida Bar has been granted the exclusive power to expend funds in behalf of projects designed to carry out the purposes of The Florida Bar as they are set forth and limited by the Integration Rule and the by-laws. Thus, if the matter for which the funds are to be expended is one designed to promote one of the purposes of The Florida Bar, as is the case herein, the Board of Governors may expend bar funds in support thereof.
For the reasons above stated I would deny the request for relief contained in the Petition for Review.