550 P.2d 1089

**Bruce D. BRIDEGROOM and Bruce F. Rinaldi, Appellants,**

**v.**

**STATE BAR of Arizona and Stanley G. Feldman, a member of the Board of Governors of the State Bar of Arizona, Appellees.**

**No. 2 CA–CIV 2083.**

Court of Appeals of Arizona,
Division 2.

June 9, 1976.

Rehearing Denied July 7, 1976.
Review Denied Sept. 9, 1976.

**48**

Bruce D. Bridegroom, Tucson, for appellants.

Chandler, Tullar, Udall & Richmond by James L. Richmond, Tucson, for appellees.

## OPINION

KRUCKER, Judge.

Appellants, members in good standing of the State Bar of Arizona, filed suit against the State Bar of Arizona and members of its Board of Governors requesting (1) that the result of the November 5, 1974 election with respect to Proposition 108 [1] be declared null and void, (2) that the defendants be required to render an accounting for all expenditures with respect to Proposition 108 and (3) that the Board members be required to make restitution to the State Bar of Arizona for all expenditures with respect to Proposition 108. The complaint alleged that the State Bar of Arizona was a public corporation and that the expenditures with respect to Proposition 108 were illegal and in violation of Art. 14, § 18 of the Arizona Constitution.

A motion to dismiss for failure to state a claim for relief was filed and after consideration of memoranda submitted by the respective parties, the court granted the motion, expressly finding that the State Bar of Arizona is an integrated Bar Association under Supreme Court rule and not a corporation under any applicable constitution or legislative enactment; that the provisions of Art. 14, § 18 of the Arizona Constitution do not apply to the State Bar; and that the expenditure of funds by the Board of Governors was a proper exercise of its powers and not a breach of a fiduciary duty. An affidavit executed by Eldon Husted, executive director of the State Bar of Arizona, which was filed in court, stated that the State Bar of Arizona had not filed, published, or adopted any Articles of Incorporation, had never issued any stock and had no shareholders, and had never applied for nor been issued a certificate of incorporation from the Arizona Corporation Commission.

Appellants contend the court erred in finding that (1) the State Bar of Arizona is not a corporation, (2) the provisions of Art. 14, § 18 of the Arizona Constitution do not apply to the State Bar of Arizona, and (3) the expenditure of funds by the Board of Governors was a proper exercise of its powers and was not a breach of its fiduciary duty. They also maintain that a material factual issue existed as to whether the State Bar of Arizona is a de facto corporation.

Appellants' position is that the State Bar Act of 1933, A.R.S. § 32–201 et seq. created

1. An addition to Art. 6 of the Arizona Constitution proposed by initiative petition filed July 5, 1974.

the State Bar of Arizona as a public corporation. A.R.S. § 32–201 provides:

"A. There shall be a public corporation known as the State Bar of Arizona, designated in this chapter as the state bar, which shall have perpetual succession and a seal and may sue and be sued, and which, for the purpose of carrying into effect and promoting the objects of the corporation, may enter into contracts and acquire, hold, encumber, dispose of and deal in and with real and personal property.

B. The term of existence and the powers of the corporation may be changed or terminated at any time by the legislature."

In 1973, however, the Supreme Court of Arizona promulgated Supreme Court Rules 27 through 45, which refer to the State Bar as "an organization". There is no question but that the Supreme Court has inherent power to integrate the bar of this state. *Application of President of Montana Bar Ass'n*, 163 Mont. 523, 518 P.2d 32 (1974); *In re Integration of Bar of Hawaii*, 50 Haw. 107, 432 P.2d 887 (1967).

A state bar association is a *sui generis* association, many of whose important functions are directly related to and in aid of the judicial branch of government. *State ex rel. Schwab v. Washington State Bar Ass'n*, 80 Wash.2d 266, 493 P.2d 1237 (1972). A state bar has been described as "an administrative arm" of the Supreme Court. *Emslie v. State Bar of California*, 11 Cal.3d 210, 113 Cal.Rptr. 175, 520 P.2d 991 (1974).

Our Supreme Court has recently held that Art. 14, § 2 of the Arizona Constitution prohibits the creation of public corporations by special acts. *See, Fireman's Fund Ins. Co. v. Arizona Ins. Guar. Ass'n*, 112 Ariz. 7, 536 P.2d 695 (1975). Therefore, the State Bar Act of 1933 has no viability and the designation of the State Bar of Arizona as a "public corporation" has no legal efficacy.

We need not, however, concern ourselves with labels since appellants' complaint, on its face, stated no claim for relief. It alleged *expenditure* of State Bar funds to promote the passage of Proposition 108. Art. 14, § 18 of the Arizona Constitution provides:

"It shall be unlawful for any corporation, organized or doing business in this State, to make any contribution of money or anything of value for the purpose of influencing any election or official action."

This constitutional provision does not prohibit the State Bar from *expending* money itself in the proper exercise of its authorized activities. *La Belle v. Hennepin County Bar Ass'n*, 206 Minn. 290, 288 N.W. 788 (1939); *Smith v. Higinbothom*, 187 Md. 115, 48 A.2d 754 (1946). As stated in the Minnesota case:

"Payment of the expense of conducting the bar poll does not constitute a payment or contribution by defendant within the meaning of the corrupt practices act. This statute is aimed at the evils of excessive expenditures for campaign purposes by political parties, organizations, committees, individuals and the candidates themselves and seeks to prevent such evils by prohibiting the acquisition of campaign funds or 'war chests' to be so expended. The words 'pay' and 'contribute' imply, as they sometimes do in other connections, the transfer, giving and delivery of money, property or services. [Citation omitted] Defendant does not turn over any money or property nor does it furnish any free service to any candidate. It expends the money itself in payment of expense incident to one of its authorized activities." 288 N. W. at 792.

Appellants maintain that the expenditure of State Bar funds in support of Proposition 108 was beyond the powers of

the Board of Governors. We agree with the lower court that the expenditure was not. Rule 27(d), Rules of the Supreme Court, states in part that the Board shall:

> "3. Promote and aid in the advancement of the science of jurisprudence and improvement of the administration of justice.
>
> 4. Make appropriations and disbursements from funds of the state bar to pay necessary expenses for carrying out its functions."

In the case of *In re Florida Bar Board of Governors' Action*, Fla., 217 So.2d 323 (1969), the Florida Supreme Court denied a petition for review filed by members of the Florida Bar seeking a determination of the propriety of the action of the Board of Governors of the Florida Bar in publicly advocating the adoption by the electorate of a proposed constitutional amendment and the expenditure of funds derived from membership dues for this purpose without first obtaining the approval of a majority of the members of the Florida Bar.

In a special concurring opinion, Justice Hopping pointed out that lawyers, as members of an ancient and honorable profession, have a duty to utilize their training and experience in rendering service to the public and had a professional responsibility to evaluate matters which vitally affected the public and advise the public of its conclusions. He stated that if the matter on which the Board of Governors speaks meets this test, "this Court should not second guess the position taken by the Board of Governors because to do so would substitute this Court's beliefs for that of the Board's". We approve the following statement:

> "It is apparent that the Board of Governors of The Florida Bar has been granted the exclusive power to expend funds in behalf of projects designed to carry out the purposes of The Florida Bar as they are set forth and limited by the Integration Rule and the by-laws. Thus, if the matter for which the funds are to be expended is one designed to promote one of the purposes of The Florida Bar, as is the case herein, the Board of Governors may expend bar funds in support thereof." 217 So.2d at 325.

■ Appellants' final complaint is that the Board of Governors breached its fiduciary duty in making the expenditures on proposed legislation "which is to be administered in part by the Board of Governors, itself." The lower court properly rejected this claim since it is refuted by the constitutional provision itself. Art. 6, § 36, Arizona Constitution establishes non-partisan commissions on appointments. The appellate court commission consists of the Chief Justice of the Supreme Court, three attorney members, and five non-attorney members. The only relation between the Board of Governors and the commission is that the three attorney members are nominated by the Board of Governors, but they are appointed by the governor with the advice and consent of the Senate. Not more than two attorney members shall be members of the same political party and not more than one shall be a resident of any one county. A similar commission on trial court appointments is established with a like provision as to nominations by the Board of Governors of the three attorney members.

For the foregoing reasons, dismissal of appellants' complaint was appropriate and we affirm.

HOWARD, C. J., and HATHAWAY, J., concur.