439 So.2d 213 (1983)
THE FLORIDA BAR
In re AMENDMENT TO INTEGRATION RULE OF THE FLORIDA BAR (Political Activities of the Bar).
No. 61424.
Supreme Court of Florida.
September 22, 1983.
Robert T. Westman, Cocoa, for Palmer W. Collins, William C. Potter, Lealand L. Lovering, James F. Russo, Jr., Marcia L. Ramsdell, George L. Clapham, Jere E. Lober, Joan H. Bickerstaff, Myron M. Stevens, Neil J. Buchalter, John Antoon, Bruce T. McKinley, Hale Baugh, Edward M. Jackson, George Ritchie, Lloyd Campbell, John Minot, Kendall T. Moran, Lewis R. Pearce, Lester Lintz, Joyous D. Parrish, Gregory A. Popp, Leonard Spielvogel and Leon Stromire, petitioners.
William O.E. Henry, President, Lakeland, Gerald F. Richman, President-elect, Miami, John F. Harkness, Jr., Executive Director, Tallahassee, of The Florida Bar; Frank Newman, Chairman, Legislative Committee, Miami, and Rayford H. Taylor, Legislative Counsel, Tallahassee, for respondent.
PER CURIAM.
A petition to amend the Integration Rule of The Florida Bar, by adding the following provision to section 1, article III:
The Board of Governors shall not engage in any political activity on behalf of The Florida Bar nor expend money or employ personnel for such purpose.
was filed in this Court by twenty-five members of The Florida Bar. The Florida Bar News published the proposal and oral argument was set and held. All interested parties were given the opportunity to proffer comments. The Florida Bar filed a response to the petition. The petition and the response are the only record we have.
The "political activities" of the Board of Governors on behalf of The Florida Bar were called into question once before, In re Florida Bar Board of Governors' Action, 217 So.2d 323 (Fla. 1969). There, members of The Florida Bar petitioned this Court to determine the propriety of the Board of Governors publicly advocating the adoption of the 1968 Florida Constitution and expending funds for that purpose. This Court denied that request in a per curiam opinion. We likewise deny the instant petition.
It is true that freedom of association is a right protected under the first and fourteenth amendments. NAACP v. Alabama ex rel. Patterson, 357 U.S. 449, 460, 78 S.Ct. 1163, 1170, 2 L.Ed.2d 1488 (1958). But, that right is not absolute. Buckley v. Valeo, 424 U.S. 1, 25, 96 S.Ct. 612, 637, 46 L.Ed.2d 659 (1976); United States Civil Service Commission v. National Association of Letter Carriers, 413 U.S. 548, 567, 93 S.Ct. 2880, 2891, 37 L.Ed.2d 796 (1973); Konigsberg v. State Bar of California, 366 U.S. 36, 49, 81 S.Ct. 997, 1005, 6 L.Ed.2d 105 (1961). A state may justify a constitutional intrusion into an individual's freedom of association when there is a compelling state interest present. Buckley v. Valeo; United States v. O'Brien, 391 U.S. 367, 376-77, 88 S.Ct. 1673, 1678-79, 20 L.Ed.2d 672 (1968). To achieve that compelling interest, the means the state may employ are examined in terms of being "germane" to that interest. Abood v. Detroit Board of Education, 431 U.S. 209, 235, 97 S.Ct. 1782, 1799, 52 L.Ed.2d 261 (1977). See also Arrow v. Dow, 544 F. Supp. 458 (D.N.M. 1982); Falk v. State Bar, 411 Mich. 63, 305 N.W.2d 201 (1981).
As stated in the Preamble of The Florida Bar Integration Rule, the purpose of The Bar is:
"To inculcate in its members the principles of duty and service to the public, to improve the administration of justice, and to advance the science of jurisprudence."
(emphasis supplied). Clearly, the improvement of the administration of justice and the advancement of the science of jurisprudence is a compelling state interest. As noted by the United States Supreme Court,
We recognize that the States have a compelling interest in the practice of professions *214 within their boundaries... . The interest of the States in regulating lawyers is especially great since lawyers are essential to the primary governmental function of administering justice, and have historically been "officers of the courts."
Goldfarb v. Virginia State Bar, 421 U.S. 773, 792, 95 S.Ct. 2004, 2016, 44 L.Ed.2d 572 (1975) (footnotes omitted). Since there is a compelling state interest, what remains to be determined is whether or not the political activities in dispute are indeed "germane" to that interest. We find that they are. Petitioners cite to us no specific activities by the Board of Governors with which they disagree nor any particular program or type of "political activity" to which they object. Nevertheless, we may take as representative the following activities of The Bar, noting that some are directed toward the Florida Legislature, some toward the citizens of the state and some toward the executive branch of the United States Government:
(a) The Florida Bar actively assisted in efforts to revise the Florida Constitution in 1968, and thereafter, actively sought approval by the citizens of the State.
(b) The Florida Bar actively supported in 1971 and 1972 the revision of Article V of the Florida Constitution before the Florida Legislature and the citizens of this State.
(c) The Florida Bar recently actively supported before the Florida Legislature amendments to Article V of the Florida Constitution to restrict and adjust the jurisdiction of the Florida Supreme Court, and thereafter, encouraged the citizens of Florida to approve such amendment.
(d) The Bar supported the establishment of the District Courts of Appeal, and thereafter, actively sought approval of the constitutional amendments by the citizens of this State.
(e) The Florida Bar actively sought the amendment to the Florida Constitution providing for merit retention of appellate judges not only in the Legislature but with the citizens of the State.
(f) The Florida Bar actively supported the creation of the Judicial Qualifications Commission to provide a mechanism for the review and discipline of members of the judiciary.
(g) In 1980 and 1981, The Florida Bar was actively involved with the Internal Revenue Service and the Federal Reserve Board in seeking approval of the "Interest on Trust Accounts" program.
(h) The Florida Bar also actively supported the creation of Florida Legal Services, Inc. before the Florida Legislature.
Response of The Florida Bar at 4-5. Are these activities on the part of the Board of Governors of The Florida Bar germane to the improvement of the administration of justice and to the advancement of the science of jurisdiction? We hold that they are. As this Court said in its opinion integrating The Florida Bar in 1949:
"[The Bar] is not a compulsory union but a necessary one to secure the composite judgment of the bar on questions involving its duty to the profession and the public."
Petition of Florida State Bar Association, 40 So.2d 902, 908 (Fla. 1949). All the above-enumerated political activities are closely related to lawyers' "duty to the profession and the public," synonyms, certainly, for the improvement of the administration of justice and the advancement of the science of jurisprudence.
We remind petitioners that the Board of Governors has adopted a comprehensive legislative policy and procedure, Standing Board Policy 900. The significance of this legislative policy to the instant petition is that "[n]either The Florida Bar nor any of its committees or sections may take a position on legislation either as a proponent or opponent unless it is determined by the Board of Governors that the legislation is related to the purposes of The Florida Bar as set forth in the Integration Rule." Standing Board Policy 900 § 9.10(a). As a further safeguard, the Board of Governors, the legislation committee, and the executive committee allow any interested person to *215 appear before it in support of or in opposition to any legislative proposal being considered. Id. § 9.11(b). Petitioners have made known to this Court no individual who has been refused the opportunity to present his argument to any of the groups. Indeed, in some instances arguments have been presented to all three.
Finally, petitioners are made cognizant of the fact that any attorney "is still free to voice his own views on any subject in any manner he wishes. He can do this even though such views be diametrically opposed to the position taken by the unified bar of his state." In re Unification of the New Hampshire Bar, 109 N.H. 260, 266, 248 A.2d 709, 713 (1968). This may take the form of working within The Bar itself or its committees or it may be through external means. But he is never forced to adhere to or proclaim any political view or engage in any personally-repugnant political activity.
We therefore hold that, as limited by the standing board policy on legislation, the political activities of the Board of Governors of The Florida Bar, including the expending of money and employing of personnel, are germane to the compelling state interest in the improvement of the administration of justice and the advancement of the science of jurisprudence and hence constitutionally permissible. The instant petition to amend the Integration Rule to prohibit such activities is therefore denied.
It is so ordered.
ALDERMAN, C.J., and BOYD, OVERTON, McDONALD and EHRLICH, JJ., concur.
ADKINS, J., dissents.