PER CURIAM:
 

 E. Gene Wade and Joyzelle I. Wade appeal from the judgment of the Bankruptcy Appellate Panel (“BAP”) of the Ninth Circuit. The main issue on appeal is whether the disciplinary proceedings brought
 
 *1123
 
 against Mr. Wade by the State Bar of Arizona are excepted from the automatic stay under 11 U.S.C. § 362(b)(4). The BAP held that such proceedings are excepted.
 
 Wade v. State Bar of Arizona (In re Wade),
 
 115 B.R. 222 (9th Cir.BAP 1990). We affirm.
 

 E. Gene Wade, an attorney and a member of the Arizona Bar, and his wife Joy-zelle Wade filed a Chapter 11 bankruptcy petition on October 1, 1987. On October 2, 1987, the Bar initiated disciplinary proceedings against Mr. Wade alleging that he had violated certain ethical rules promulgated by the Arizona Supreme Court. On June 9, 1988, the Bar filed a motion for relief from the automatic stay imposed under 11 U.S.C. § 362(a)(1). This is a case of first impression, and the Arizona Bar apparently does not routinely find it necessary to file such motions. What prompted the motion in this case is not clear from the record.
 

 In its motion the Bar argued that the disciplinary proceedings against Mr. Wade were proceedings brought by a governmental unit to enforce its police or regulatory power and therefore were excepted from the automatic stay under 11 U.S.C. § 362(b)(4). Both the Bankruptcy Court and the BAP held that the Bankruptcy Code’s provisions for automatic stay under 11 U.S.C. § 362(a) do not apply to the Bar’s attorney disciplinary proceedings because of the exception for regulatory proceedings of a governmental unit contained in 11 U.S.C. § 362(b)(4).
 

 The principal question before us is whether the BAP’s ruling was correct as a matter of law. The Wades contend that the Bar is not a governmental unit enforcing its police or regulatory power within the meaning of section 362(b)(4) and that, therefore, the Bar’s disciplinary proceedings against Mr. Wade are not excepted from the automatic stay. The Bar counters that, although it is not a governmental unit for all purposes, it is an instrumentality of the Arizona Supreme Court for the purpose of prosecuting attorney disciplinary proceedings, and that therefore such proceedings are excepted from the auto-matic stay. The Bar’s contention is correct.
 

 As a general rule, the filing of a Chapter 11 bankruptcy petition operates as an automatic stay of administrative proceedings against the debtor. 11 U.S.C. § 362(a)(1). Nevertheless, 11 U.S.C. § 362(b) sets forth several exceptions to the automatic stay. Section 362(b)(4) provides that:
 

 (b) The filing of a petition ... does not operate as a stay—
 

 (4) under subsection (a)(1) of this section, of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit’s police or regulatory power[.]
 

 The definition of the term “governmental unit” includes a “department, agency, or instrumentality” of a state. 11 U.S.C. § 101(27) (West Supp.1991) (formerly designated section 101(26)). The legislative history of section 101(27) states that:
 

 “Department, agency, or instrumentality” does not include entities that owe their existence to state action such as the granting of a charter or a license but that have no other connection with a State or local government or the Federal Government. The relationship must be an active one in which the department, agency, or instrumentality is actually carrying out some governmental function.
 

 H.R.Rep. No. 95-595, 95th Cong., 1st Sess. 311, U.S.Code Cong. & Admin.News 1978, 5787 (1977).
 

 Under Arizona law, the Bar is an instrumentality of the Arizona Supreme Court for the purpose of conducting disciplinary proceedings. As the Arizona Supreme Court has said:
 

 [T]he Supreme Court of Arizona has the exclusive jurisdiction to regulate the admission to the practice of the law and the discipline of those admitted. In the instant case, while we are dealing with the power of the State Bar Disciplinary Board, we are actually talking about our own authority because the Bar Disciplinary Board and its committees are mere arms of this court and can have no great
 
 *1124
 
 er jurisdiction or authority than this court.
 

 In re Riley,
 
 142 Ariz. 604, 607-08, 691 P.2d 695, 698-99 (1984).
 
 See also Drummond v. Stahl,
 
 127 Ariz. 122, 126, 618 P.2d 616, 620 (Ct.App.1980) (“The State Bar acts in a judicial capacity in dealing with the conduct of attorneys.”),
 
 cert. denied,
 
 450 U.S. 967, 101 S.Ct. 1484, 67 L.Ed.2d 616 (1981).
 

 The State Bar of Arizona exists by virtue of a rule promulgated by the Arizona Supreme Court that authorizes the Bar to “provide for the regulation and discipline of persons engaged in the practice of law.” Ariz.R.S.Ct. 31(a)(1).
 
 [1]
 
 The Bar exercises this delegated authority under the “direction and control” of the Arizona Supreme Court.
 
 Id.
 
 Disciplinary actions are brought by the Bar to enforce the ethical rules established by the Arizona Supreme Court. Ariz.R.S.Ct. 41
 
 et seq.
 
 The Court also has established the procedures that the Bar must follow in investigating and prosecuting attorney disciplinary actions, Ariz.R.S.Ct. 53
 
 et seq.,
 
 and has specified the sanctions that the Bar can impose. Ariz.R.S.Ct. 52. Moreover, in formal disciplinary proceedings, the Disciplinary Commission of the Supreme Court reviews the Bar’s decisions. Ariz.R.S.Ct. 47 and 53(d). These rules demonstrate that the Arizona Supreme Court exercises a significant degree of control over the Bar’s disciplinary proceedings, and support the BAP’s conclusion that, in conducting such proceedings, the Bar is an instrumentality of the Arizona Supreme Court within the meaning of section 362(b)(4).
 

 Indeed, given the close relationship between the Arizona Supreme Court and the Bar, the U.S. Supreme Court has held that the Bar engages in state action when it conducts disciplinary proceedings.
 
 Bates v. State Bar of Arizona,
 
 433 U.S. 350, 359, 97 S.Ct. 2691, 2696, 53 L.Ed.2d 810 (1977). The Court explained the roles of the parties when the Bar’s disciplinary enforcement is challenged:
 

 [T]he appellants’ claims are against the State. The Arizona Supreme Court is the real party in interest; it adopted the rules, and it is the ultimate trier of fact and law in the enforcement process.
 
 In re Wilson,
 
 106 Ariz. 34, 470 P.2d 441 (1970). Although the State Bar plays a part in the enforcement of the rules, its role is completely defined by the court; the [State Bar] acts as the agent of the court under its continuous supervision.
 

 Id.
 
 at 361, 97 S.Ct. at 2697.
 
 See also Hass v. Oregon State Bar,
 
 883 F.2d 1453, 1461 (9th Cir.1989) (“The Arizona State Bar [in
 
 Bates
 
 ], like the Oregon State Bar, was an instrumentality of the state supreme court.”),
 
 cert. denied,
 
 494 U.S. 1081, 110 S.Ct. 1812, 108 L.Ed.2d 942 (1990).
 

 In conducting disciplinary proceedings, the Bar is enforcing its police or regulatory power. The purposes of the Bar’s disciplinary proceedings are (1) “to protect the public, the profession, and the administration of justice,” and (2) “to deter other lawyers from improper conduct.”
 
 In re Blankenburg,
 
 143 Ariz. 365, 367, 694 P.2d 195, 197 (1984) (en banc).
 
 See also Bates,
 
 433 U.S. at 361, 97 S.Ct. at 2698 (“[T]he regulation of the activities of the bar is at the core of the State’s power to protect the public.”). Accordingly, the BAP correctly held that with respect to disciplinary proceedings, the Bar acts as an instrumentality of the Arizona Supreme Court enforcing its police or regulatory power, and therefore the disciplinary proceedings against Wade are excepted from the automatic stay under 11 U.S.C. § 362(b)(4).
 

 The Wades rely primarily on
 
 Keller v. State Bar of California,
 
 496 U.S. 1, 110 S.Ct. 2228, 110 L.Ed.2d 1 (1990), for the proposition that the Bar is not a governmental unit, and that the disciplinary proceedings against Mr. Wade therefore are subject to the automatic stay. In
 
 Keller,
 
 
 *1125
 
 the California State Bar claimed that, because it was a regulated state agency, it was exempt from any constitutional restraints on the use of its membership dues and could therefore use them for any purpose within its broad statutory authority.
 
 Id.
 
 110 S.Ct. at 2234. The Supreme Court rejected this claim, holding that the California Bar violated the first amendment rights of its members by using compulsory membership dues of all members to finance political and ideological causes with which some members disagreed.
 
 Id.
 
 at 2236. The Court drew a distinction between activities with a “political or ideological coloration” which are not necessarily related to the regulation of the legal profession and those activities which are so related.
 
 Id.
 
 at 2237. Because attorney disciplinary proceedings fall in the latter category,
 
 id., Keller
 
 actually supports the Bar’s position in this case. There is no support for the Wades’ position that the Arizona Bar disciplinary proceedings are subject to the automatic stay.
 

 The Wades also contend that the Bankruptcy Court deprived them of due process when it ruled on the Bar’s motion for relief from the stay before the Wades’ response to the Bar’s motion was due. There was a violation of the local Bankruptcy Rules. If the Wades had been deprived of any meaningful opportunity to respond to the Bar’s position before the Bankruptcy Court, there could have been a denial of due process as well. However, the Wades were not deprived of such an opportunity. The issue before the courts at every stage of this proceeding has been a straightforward question of law. The Bankruptcy Court thoroughly considered the Wades’ arguments and evidence when they were raised in the Wades’ motion for reconsideration of its order. The Wades additionally have had the benefit of de novo review by both the Bankruptcy Appellate Panel and this court.
 

 AFFIRMED.
 

 [1]
 

 . The Bar was created by the State Bar Act of 1933. Ariz.Rev.Stat. § 32-201. Although the Arizona Supreme Court later held this Act violated the state constitution, in so holding, the court recognized the continued existence of the Bar under the Arizona Supreme Court’s inherent power to integrate the Bar and under the Court’s rules establishing the Bar as "an organization."
 
 Bridegroom v. State Bar of Arizona,
 
 27 Ariz.App. 47, 49, 550 P.2d 1089, 1091 (1976) (citing Ariz.R.S.Ct. 27-45).