26 F.3d 130
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles HEISEN, Plaintiff-Appellant,
v.
PACIFIC COAST BUILDING PRODUCTS, INC.; Emil Kopilovich,
Defendants-Appellees.
 No. 93-16213.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided June 9, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles Heisen appeals pro se the district court's judgment (1) dismissing his Clean Air Act claims for lack of jurisdiction and (2) granting a motion for judgment of default on a counterclaim filed by defendant-appellee Pacific Coast Building Products, Inc. ("PABCO"). We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Dismissal of Heisen's Complaint
 
 
 4
 Heisen's complaint alleged that PABCO and Emil Kopilovich, a PABCO employee, had violated the Clean Air Act by submitting improper or fraudulent information to the Clark County Health District, Air Pollution Control Division ("CCHD-APCD"), in order to obtain an "Authority to Construct Certificate" for a cogeneration plant. The district court dismissed Heisen's complaint on the ground that the court lacked subject matter jurisdiction under the Clean Air Act's citizen suit provision. See 42 U.S.C. Sec. 7604(a)(3). As the district court explained in its order filed on June 14, 1993:
 
 
 5
 Plaintiff does not allege that Defendants PABCO or Kopilovich proposed to construct or constructed a modified major emitting facility without a permit or that they are violating any conditions of that permit. What Plaintiff alleges is that PABCO and Kopilovich submitted improper information to CCHD-APCD in an attempt to fraudulently bypass procedural regulations of the Clean Air Act....
 
 
 6
 Based on the language of the statute and the allegations contained in Plaintiff's complaint, the court finds that Plaintiff has failed to establish that this court has subject matter jurisdiction over his action.
 
 
 7
 On appeal, Heisen does not present any argument regarding the district court's determination that the allegations of his complaint did not establish subject matter jurisdiction. Instead, Heisen argues that the district court erred by dismissing his complaint for failure to exhaust administrative remedies. This argument is meritless. The district court explicitly declined to reach the issue of exhaustion of administrative remedies, although the court noted that the defendants had raised this issue in their motion to dismiss. Accordingly, we affirm the dismissal of Heisen's action for the reasons stated in the district court's order. Cf. Northwest Envtl. Advocates v. City of Portland, 11 F.3d 900, 908 (9th Cir.1993) (the starting point for determining whether an environmental statute provides federal jurisdiction for citizen suits is the language of statute itself).[1]
 
 II
 PABCO's Counterclaim for Abuse of Process
 
 8
 Heisen contends that the district court erred by entering a default judgment against him on PABCO's counterclaim for abuse of process.[2] We disagree.
 
 A. Procedural Background
 
 9
 On December 24, 1992, defendants PABCO and Kopilovich filed their answer to Heisen's complaint. On December 31, 1992, the defendants filed an amended answer, in which PABCO added a counterclaim against Heisen for the state law tort of abuse of process. Heisen never filed a reply to the counterclaim. Instead, on January 19, 1993, Heisen filed a document entitled "Notice to Court and Defendants," in which he acknowledged receipt of the amended answer but stated that he intended to ignore the counterclaim because he believed that it had been improperly filed. Counsel for PABCO repeatedly tried to persuade Heisen to reconsider his position, advised him to consult an attorney, and offered to stipulate to an extension of the response deadline. Despite these efforts, Heisen steadfastly refused to file a reply to the counterclaim. Accordingly, on April 5, 1993, Heisen's default on PABCO's counterclaim was entered by the district court clerk. On April 19, 1993, Heisen filed a "Motion to Strike Default and Deny Defendants Counterclaim," in which he asserted that (1) his "Notice to the Court and Defendants" constituted a reply to the counterclaim, and (2) the amended answer had been improperly filed because PABCO had failed to obtain permission from the district court to add the counterclaim. The district court ruled that Heisen had failed to show good cause why the entry of default should be set aside. See Fed.R.Civ.P. 55(c). Accordingly, the district court granted PABCO's motion for a default judgment and awarded PABCO costs and attorney's fees in the amount of $55,550.93 as compensatory damages.
 
 B. Analysis
 
 10
 Heisen first argues that PABCO failed to comply with Fed.R.Civ.P. 13(f) because it did not obtain leave of court to include the counterclaim in its amended answer. This argument fails. PABCO's amended answer was filed within 20 days of the original answer and no responsive pleading to the original answer had been filed. Therefore, PABCO was entitled to file the amended answer as a matter of right and was not required to obtain leave of court. See A.J. Industries, Inc. v. United States Dist. Court, 503 F.2d 384, 388 (9th Cir.1974); Fed.R.Civ.P. 15(a); accord Banco Para el Comercio Exterior de Cuba v. First Nat'l City Bank, 744 F.2d 237, 243 (2d Cir.1984).
 
 
 11
 Heisen further argues that he did not default because his "Notice to Court and Defendants" constituted a valid reply to PABCO's counterclaim. This document, however, failed to comply with the requirements of Fed.R.Civ.P. 8(b); moreover, it specifically stated that Heisen intended simply to ignore the counterclaim. Accordingly, the district court correctly found that Heisen had failed to file a valid reply to PABCO's counterclaim.
 
 
 12
 Heisen next asserts that he was deprived of due process because the district court ruled on PABCO's motion for a default judgment before the deadline for Heisen's response to the motion. Under D.Nev.Local R. 140-4, Heisen's memorandum in response to PABCO's motion was due on June 14, 1993. But the district court signed its order granting PABCO's motion on June 12, 1993, and the default judgment was filed on June 14, 1993, several hours before Heisen filed his opposition to PABCO's motion. Even when a violation of the local rules has occurred, however, a litigant is not deprived of due process if he has had "a meaningful opportunity" to set forth his position. Wade v. State Bar of Arizona, 948 F.2d 1122, 1125 (9th Cir.1991) (acknowledging that bankruptcy court had violated the local rules by ruling on a motion brought by the appellee before the appellants' response to the motion was due, but finding no deprivation of due process because the appellants had not been deprived of any meaningful opportunity to respond to the appellee's position).
 
 
 13
 Here, Heisen's opposition to PABCO's motion for a default judgment essentially reiterated the arguments he had made in his "Motion to Strike Default and Deny Defendants Counterclaim." The district court considered and rejected these arguments. Moreover, Heisen's primary argument in opposition to PABCO's motion--that Rule 13(f) required PABCO to obtain leave of court before adding the counterclaim in its amended answer--presented "a straightforward question of law." See Wade, 948 F.2d at 1125.[3] Given these circumstances, we conclude that the district court's premature entry of the default judgment did not deprive Heisen of due process. See id.
 
 
 14
 Finally, Heisen argues that PABCO's counterclaim was frivolous, and that he was deprived of his right to a jury trial on the issue of damages. These arguments fail. Because he did not reply to PABCO's counterclaim, Heisen cannot challenge the truth of its allegations. See Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir.1977) ("[t]he general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true") (citations omitted). Heisen, moreover, had no right to a jury trial on the issue of damages. See Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1414 (9th Cir.1990) (after entry of a default judgment, neither Fed.R.Civ.P. 55(b) nor the Seventh Amendment provides a right to a jury trial on the issue of damages), cert. denied, 111 S.Ct. 1019 (1991).[4]
 
 
 15
 Accordingly, we affirm the district court's judgment.
 
 AFFIRMED.[5]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his briefs on appeal, Heisen argues that the district court "failed to rule on many important issues ... that were contained in the original complaint," and that the dismissal of his action violated his right to a jury trial. We have considered these arguments and conclude that they are meritless
 
 
 [2]
 Despite the dismissal of Heisen's complaint, the district court properly exercised diversity jurisdiction over PABCO's counterclaim. See Cripps v. Life Ins. Co. of N. America, 980 F.2d 1261, 1267 (9th Cir.1992) (district court may adjudicate "a counterclaim having an independent basis for federal jurisdiction despite the dismissal of plaintiff's action for lack of subject matter jurisdiction") (quotation omitted)
 
 
 [3]
 Heisen's opposition did not present any challenge to the amount of damages sought by PABCO
 
 
 [4]
 Heisen's brief lists two other issues for review: (1) the district court failed to consider that Heisen appeared pro se; and (2) the district court made improper comments about Heisen's personality. We have considered these issues and conclude that neither provides a basis for overturning the district court's judgment
 
 
 [5]
 Pursuant to Fed.R.App. 38, the appellees request an award of attorney's fees or double costs for this appeal. Because Heisen's appeal was not frivolous, we deny the appellees' request