97 F.3d 1461
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Shong-Ching TONG, Plaintiff-Appellant,
v.
CITY OF POMONA; Joe Garcia, Defendants-Appellees.
 No. 95-56859.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 23, 1996.*
Decided Sept. 27, 1996.
 
 Before: FLETCHER, BRUNETTI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Shong-Ching Tong appeals pro se the district court's summary judgment in his 42 U.S.C. § 1983 action brought against the City of Pomona and police officer Joe Garcia. Tong alleged that Garcia violated his constitutional rights during a traffic stop made on June 7, 1993. Tong also brought supplemental state law claims of malicious prosecution and intentional infliction of emotional distress. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's summary judgment, Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994), and we affirm.
 
 
 3
 Tong contends that Garcia violated his constitutional rights by making him stand outside of his car for thirty minutes during the traffic stop. This contention lacks merit. The record shows that Tong informed Garcia that he could not sit in his car because he had hip and back problems and that Garcia allowed Tong to get out of his car. Tong claims that Garcia made him stand still and verbally harassed him while Garcia was writing out a traffic ticket.
 
 
 4
 Because a police officer has a security interest in protecting himself and the motorist, Garcia did not violate Tong's constitutional rights by requiring him to stand still after allowing Tong, at Tong's request, to leave his car. See Ruvalcaba v. City of Los Angeles, 64 F.3d 1323, 1327 (9th Cir.1995), cert. denied, 116 S.Ct. 1841 (1996). Furthermore, Tong's contention that Garcia verbally harassed him during the stop lacks merit because, even if true, mere verbal harassment does not give rise to a constitutional violation under section 1983. See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir.1987). Accordingly, Garcia's actions were reasonable under the circumstances and Tong failed to show that he suffered a deprivation of his constitutional rights. See Ruvalcaba, 64 F.3d at 1326.
 
 
 5
 Tong also contends that the City of Pomona was liable because he suffered harm by acts done pursuant to a custom or policy of the city. This contention lacks merit. The City of Pomona could be liable under section 1983 if it had a custom or policy that resulted in the deprivation of Tong's constitutional rights. Monell v. Department of Social Services, 436 U.S. 658, 690-95 (1978). Here, Tong failed to present any evidence that he was injured by acts done pursuant to any formal government policy or custom. Accordingly, the district court did not err by entering summary judgment for the City of Pomona. See id.
 
 
 6
 Tong also contends that the magistrate judge should not have held its hearing on the defendants' summary judgment motion because his motion for recusal was pending. Assuming arguendo that the magistrate judge should have stayed proceedings pending a decision on the recusal motion, Tong suffered no prejudice because the district court, after a de novo review of the magistrate judge's report and recommendation, and not the magistrate judge, made the final decision on the summary judgment motion. See Fed.R.Civ.P. 61; Wade v. State Bar of Arizona (In re Wade), 948 F.2d 1122, 1125 (9th Cir.1991) (per curiam); Corder v. Gates, 947 F.2d 374, 378 (9th Cir.1991) (holding that harmless error applied).[1]
 
 
 7
 To the extent Tong contends the district court abused its discretion by denying his motion for recusal of the magistrate judge, this contention lacks merit. Tong failed to provide any sufficient legal reason as to why the magistrate judge was personally biased against him. See 28 U.S.C. § 144; Liteky v. United States, 114 S.Ct. 1147, 1155 (1994) (stating that bias could be shown by either an extrajudicial source or an unfavorable disposition "so extreme as to display a clear inability to render fair judgment.").
 
 
 8
 Finally, to the extent that Tong contends that the district court erred by entering summary judgment on his state law claims for malicious prosecution and intentional infliction of emotional distress, this contention lacks merit. The district court did not err by holding that Garcia and the City of Pomona were immune from suit on both claims. See CalGov't Code § 815.2(b) & 821.6; see also Amylou R. v. County of Riverside, 34 Cal.Rptr.2d 319, 324 (Cal.Ct.App.1994).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Furthermore, the district court properly denied Tong's motion for recusal because it lacked merit. See infra