**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRADLEY R. MARSHALL, | No. 10-35684 |
| Appellant, | D.C. No. 2:10-cv-00359-JCC |
| v. | |
| WASHINGTON STATE BAR ASSOCIATION; STATE OF WASHINGTON; PAULA LITTLEWOOD; JAMES M. DANIELSON; TEENA KILLIAN; SCOTT BUSBY; CHRISTINE GRAY; ANNE SEIDEL; ROBERT WELDEN; JEFFERS DANIELSON SONN AYLWARD P.S., | MEMORANDUM[*] |
| Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted August 4, 2011[**]
Seattle, Washington

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: SCHROEDER and M. SMITH, Circuit Judges, and BENITEZ, District Judge.***

Appellant Bradley Marshall appeals the district court's Order dated July 8, 2010, affirming the bankruptcy's court's dismissal of Marshall's civil rights claims against Appellees Washington State Bar Association and certain individuals and entities. The factual and procedural background that led to this action, including the events surrounding Marshall's disbarment by a unanimous Supreme Court of Washington, are described in detail in *In re Marshall*, 217 P.3d 291 (Wash. 2009) ("*Marshall II*")[1] and *In re Marshall*, 157 P.3d 859 (Wash. 2007) ("*Marshall I*") (imposing 18-month suspension). We recite the remaining facts only when necessary to resolve an issue raised on appeal. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

*** The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

[1] "Marshall attempted to squeeze his clients for additional fees despite the flat fee agreement. One of these clients was forced to obtain her own counsel to defend herself once [] Marshall filed a lawsuit and a lien against her. He tried to bully his clients into settling their claims, despite their express desire to proceed to trial. He declined to defend them from that point on, demanding they accept the settlement or pay him more money. Additionally, [] Marshall committed other violations supporting the Board's recommendation to disbar and has a history of violating the Rules of Professional Conduct." *Marshall II*, 217 P.3d at 310.

2

Marshall's arguments that the Supreme Court of Washington, the State of Washington, and the Washington State Bar Association violated the automatic bankruptcy stay, 11 U.S.C. § 362(a), are meritless. "Section 362(b)(4) provides that the filing of a bankruptcy petition does not operate as an automatic stay 'of the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's . . . police or regulatory power.'" *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1107 (9th Cir. 2005) (quoting 11 U.S.C. § 362(b)(4)). The proceedings of the Supreme Court of Washington and the Bar Association fell under the police and regulatory exception. *Wade v. State Bar of Arizona* (*In re Wade*), 948 F.2d 1122, 1123 (9th Cir. 1991); *In re Schatz*, 497 P.2d 153, 155 (Wash. 1972) ("[T]he Washington State Bar Association acts as an arm of the Supreme Court in conducting proceedings under this section and, in that capacity, is an integral part of the judicial process."). Accordingly, there was no violation of the bankruptcy stay with the post-petition proceedings to disbar Marshall. *See Lockyer*, 398 F.3d at 1107 ("The theory of the exception is that bankruptcy should not be 'a haven for wrongdoers.'").

Marshall's myriad claims of constitutional violations arising from his disbarment must, as two prior courts have held, be dismissed. His claim that his state disbarment is void *ab initio* is a state judicial determination that lower federal

3

courts are without power to review. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) ("[R]eview of such [final state court] judgments may be had only in [the United States Supreme] Court."). Moreover, the conjectured constitutional "violations" Marshall asserts are simply attempts to relitigate due process arguments conclusively decided by the Supreme Court of Washington during his disbarment proceedings. *See Marshall II*, 217 P.3d at 298–300 (rejecting conflict of interest, bias, and absence of notice arguments). As the district court properly explained, all elements of res judicata under Washington law are satisfied. *See Hayes v. City of Seattle*, 934 P.2d 1179, 1181–82 (Wash. 1997).

Finally, the bankruptcy court's and district court's denials of leave to amend were appropriate. Adding additional members of the Bar Association or the Justices of the Supreme Court of Washington as defendants would be futile under *Rooker-Feldman* and the principles of absolute immunity, in addition to needlessly prolonging this vexatious and wasteful litigation.

We have considered Appellant's remaining arguments on appeal and hold that they do not impact the foregoing analysis.

**AFFIRMED.**