## ALLEN WONG v. SHELDON SCHORR AND THOMAS S. WHITE.

### No. 4900.

MARCH 6, 1970.

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON AND KOBAYASHI, JJ.

OPINION OF THE COURT BY KOBAYASHI, J.

Sheldon Schorr wrote a letter to the Chief Justice of this court concerning the "Rule 16 Committee on Ethical Practices". The letter complained that Allen Wong, an

attorney, had conducted himself in an unethical manner, the details of which are not here material. Schorr's friend Lt. Col. Thomas S. White also wrote a letter to the Chief Justice, corroborating some of the allegations made by Schorr. White sent a copy of his letter to the Bar Association Ethics Committee. No other or further publication is alleged.

Wong sued both Schorr and White, alleging that "said publications were false and defamatory and were made intentionally and maliciously and with knowledge of the falsity thereof" and that they caused injury to his professional reputation.

The First Circuit Court granted both defendants' motions to dismiss on the ground of absolute privilege.

There are reasons why absolute immunity should be accorded statements made to the Rule 16 Commission. Members of the public are sometimes quite afraid to initiate any proceeding to the detriment of an attorney, and might well be dissuaded from doing so by the threat of a defamation suit. To protect the public from unethical practices, we should encourage citizens to air their grievances against attorneys to the Rule 16 Commission. Rule 16(c)(12) provides:

> "The proceedings under this rule shall not be public but shall be private and confidential unless the respondent shall in writing request otherwise. The record shall not be made public unless and until a report recommending discipline or recommending that a judgment be issued is filed with the court and the court has acted thereon."

We believe this secrecy achieves a proper balance between an attorney's protection from defamation and the public's protection from unethical conduct by attorneys.

Therefore the trial court's grant of Schorr's motion to dismiss is affirmed. *Ramstead* v. *Morgan,* 219 Ore. 383,

347 P.2d 594 (1959) ; *Weiner* v. *Weintraub,* 22 N.Y.2d 330, 239 N.E.2d 540 (1968) ; *Toft* v. *Ketchum,* 18 N.J. 280, 113 A.2d 671 (1955).

A more difficult question is presented as to White because he sent a copy of his letter to the Bar Association Ethics Committee. The Bar Association filed an amicus brief in this case, but it does not mention any rules by which the Ethics Committee operates.[1] There appears to be no obligation of secrecy in proceedings of the Bar Ethics Committee. Also the Bar Association's Canons of Professional and Judicial Ethics may not be the same as those which this court has adopted.[2]

---

[1] The Constitution of the Bar Association of Hawaii (1965), art. X §§ 3 and 5 authorize the adoption of rules:

"Section 3. *Jurisdiction.* Each committee shall, subject to such regulations and directions as may from time to time be adopted by the membership or the Executive Board, have jurisdiction of all questions within their respective fields so far as the same is germane to the purposes of the Association. It shall be the duty of each committee to carry into effect its own recommendations in the manner and to the extent authorized or directed by the membership or the Executive Board, but the Association shall not be charged with any expense incurred without specific authorization or ratification thereof.

    *           *           *           *

"Section 5. *Committee on Legal Ethics.* With the approval of the Executive Board, the President shall appoint the Committee on Legal Ethics, consisting of as many members as he deems proper. Each member of the Committee shall hold office for three years or until his successor is duly appointed; provided that of the members initially appointed, one-third shall be appointed to serve for a term of one year and one-third shall be appointed to serve for a term of two years. If the Committee is enlarged or diminished, similar provision shall be made for expiration of the terms of one-third of the membership each year."

[2] "Except where the same are in conflict with Hawaiian decisions, the Canons of Professional and Judicial Ethics of the American Bar Association as now existing and hereafter amended are hereby adopted for the Bar Association of Hawaii." Constitution of the Bar Association of Hawaii, art. XI (1965).

In 1968 this court adopted Canons of Professional Ethics differing in some respects from those of the A.B.A. Rule 16(a) and Exhibit A. It is possible that the Bar Ethics Committee might follow our canons, but this would be something of a gloss on art. XI, and it is not the business of this court to impose our canons upon the Bar Ethics Committee. Rather, it is our function to impose our canons upon the members of the Hawaii Bar, and the mechanism we have designed to accomplish this function is the Rule 16 Commission.

The Bar Ethics Committee lacks both the subpoena power and the contempt power. Testimony given the Rule 16 Commission could be the basis of a perjury prosecution, not so testimony to the Bar Committee. These factors are commonly regarded as essential to a fair hearing. The Bar also has significantly less power to impose sanctions upon attorneys whom it determines have violated its canons.

For these reasons we are somewhat reluctant to extend absolute privilege to statements made to the Bar Ethics Committee. However, we affirm the trial court's grant of White's motion to dismiss because the overriding requirement that must be served is the protection of the public from unethical practices of attorneys. There are cases which have done so by reasoning that the bar committee serves "as an arm" of the court. *Weiner* v. *Weintraub,* 22 N.Y.2d 330 at 332, 239 N.E.2d 540 at 541 (1968).[3]

It appears that a large segment of the public is absolutely unaware of the existence of the court's Rule 16 Commission. We can also envision many circumstances where persons who are in disagreement over an attorney's ethical obligations might prefer to have their differences settled by the Bar, just as there are many businessmen who prefer arbitration to the judicial process. These are some of the reasons for the Bar Ethics Committee's existence, and this court should not create a rule of law which would protect some members of the public and place others in jeopardy for complaining over an attorney's ethical obligations.

However, this court firmly advises the Bar Association of Hawaii to take immediate steps to cloak its Bar Ethics Committee with appropriate rules of operation, requirement of secrecy and other proper safeguards.

---

[3] A New York statute required secrecy in Bar Grievance Committee proceedings, and the New York Court of Appeals placed considerable reliance upon this factor.

Affirmed.

*Mitsuo Uyehara* (*Gene A. Smith* with him on the briefs) for plaintiff-appellant.

*Richard A. Williams* (*Hyman M. Greenstein* with him on the brief, *Greenstein & Cowan* of counsel) for defendant-appellee Sheldon Schorr.

*Dennis E. W. O'Connor* (*Anthony & Waddoups* of counsel) for defendant-appellee Thomas S. White.

*Edward Y. C. Chun* (*Clinton R. Ashford* with him on the brief) for Bar Association of Hawaii, amicus curiae.