564 P.2d 380

**Loretta Jean POGGI, Appellant,**

v.

**Michael J. KATES and Elaine Kates, his wife, Barry R. Kaplan and Sheila Kaplan, his wife, Appellees.**

**No. 12820.**

Supreme Court of Arizona, In Division.

April 11, 1977.

Rehearing Denied May 24, 1977.

**158**

Herring & Stephan by Norman Herring and Robert Stephan, Jr., Phoenix, for appellant.

Browder & Gillenwater, P. C. by Robert W. Browder, Phoenix, for appellees.

CAMERON, Chief Justice.

Loretta Jean (Marconi) Poggi, plaintiff below, appeals from an order of the trial court granting the motion of the defendants for summary judgment.

We have only one question on appeal and that is whether the plaintiff had the right to cancel or rescind a settlement of a personal injury suit when the defendants failed to pay the amount agreed upon within a reasonable length of time.

In reviewing the action of the trial court in granting a motion for summary judgment, the evidence and all reasonable inferences drawn therefrom will be viewed in a light most favorable to the party against whom the judgment was rendered. *Sax v. Kopelman,* 96 Ariz. 394, 396 P.2d 17

(1964); *Serna v. Statewide Contractors, Inc.,* 6 Ariz.App. 12, 429 P.2d 504 (1967).

The following facts are necessary for a determination of this matter on appeal. Loretta Poggi sued the defendants, Drs. Kates and Kaplan, podiatrists, for malpractice arising out of an operation on her foot. This suit was filed in November of 1970. On 17 December 1971, after extended negotiations and three days prior to trial, an oral agreement was entered into whereby the plaintiff agreed to accept $2,500 in exchange for dismissal of the action with prejudice and a release. A notice of settlement was filed with the court and the judge vacated the trial setting and placed the cause on the inactive calendar pursuant to Rule XIX(c), Local Rules of Practice for the Superior Court of Maricopa County, 17A A.R.S. More than thirty days later, on 25 January 1972, plaintiff's attorney wrote defendants' attorney complaining of the delay and demanding immediate compliance. The record indicates the defendants' attorney was making an attempt to obtain the settlement draft from the corresponding law firm in New York. Nevertheless the draft was not forthcoming and on 14 February 1972 plaintiff's counsel wrote the defense counsel as follows:

"Dr. Mr. Browder:

"I have just spoken to our clients, and they wish me to inform you that they feel your company has acted in bad faith and they no longer wish to go along with the settlement agreement. I advised them that because of our participation in this matter that we could no longer represent them, and they are going to seek other counsel, probably in the Phoenix area. You can assume by this letter that you will be contacted by other counsel and litigation will continue.

Very truly yours,

/s/ Harold M. Cole

HAROLD M. COLE"

On 21 February 1972, defense counsel sent a $2,500 settlement draft and release with stipulation for dismissal which the

plaintiff rejected. On 29 March 1972, the cause was dismissed without prejudice by the court pursuant to rule.

Plaintiff engaged a new attorney and filed a complaint alleging the same claim and the defendants answered with the affirmative defense of settlement. After various motions, the trial judge set aside the dismissal of the first case, restored the matter to the active calendar, and granted defendants' motion to compel settlement. This was followed by a written judgment dismissing the action of the plaintiff with prejudice.

An appeal followed and we held:

"The new action (C 261575), with the answer setting up the affirmative issue, is the proper case to litigate defendants' contentions that a new agreement has been substituted for the tort claim of the plaintiffs. With the issues joined and all parties on notice of those issues, the matter can be heard.

"The order of the trial court setting aside the dismissal without prejudice and entering judgment with prejudice in Cause No. C 241696 is reversed, and the foregoing order and judgment are vacated, and the previous order of dismissal without prejudice is reinstated." *Marconi v. Kaplan*, 111 Ariz. 525, 527, 534 P.2d 267, 269 (1975).

On remand, the defendants moved for summary judgment claiming the defense of accord and satisfaction was an absolute bar to plaintiff's complaint which motion was granted and the appeal followed.

It is not questioned that plaintiff's attorney had the authority to settle the claim. *Arizona Title Insurance and Trust Co. v. Pace*, 8 Ariz.App. 269, 445 P.2d 471 (1968). Neither is there any question that the defendants unreasonably delayed in paying the amount agreed upon. The defendants assumed this for the purpose of their motion for summary judgment. Also, the conclusion that by this unreasonable delay the agreement was breached is amply supported by the facts.

Defendants' trust, however, is that the settlement agreement extinguished the unliquidated tort claim and a new contract claim was substituted in its place. Defendants contend that plaintiff can only sue for breach of the settlement agreement and not the original tort claim. Defendants cite Restatement of Contracts §§ 418, 419 (1932) in support of this contention:

"§ 418. A subsequent contract may itself be accepted as immediate satisfaction and discharge of a pre-existing contractual duty, or duty to make compensation; and if so accepted the pre-existing duty is discharged and is not revived by the debtor's breach of the subsequent contract."

"§ 419. Where a contract is made for the satisfaction of a pre-existing contractual duty, or duty to make compensation, the interpretation is assumed in case of doubt, if the pre-existing duty is an undisputed duty either to make compensation or to pay a liquidated sum of money, that only performance of the subsequent contract shall discharge the pre-existing duty; *but if the pre-existing duty is of another kind, that the subsequent contract shall immediately discharge the pre-existing duty, and be substituted for it.*" (Emphasis ours)

While it is true that § 418 provides that a contract may be accepted in satisfaction and discharge of a pre-existing obligation, the facts in the instant case indicate just the opposite. The attorney for the plaintiff at his deposition stated:

"Q  All right. And under the terms of that agreement to settle for $2,500.00, did you agree to dismiss the lawsuit?

"A  I agreed when we received the $2,500.00 to dismiss the lawsuit.

"Q  When you say receive, do you mean receipt of the draft or check of the defendant insurance carrier or receipt of the cash honoring the draft or the check?

"A  Receipt of the cash.

"Q  Until you received that $2,500.00 cash, what had you agree to do re-

garding the case? To prosecute it no further?

"A Once I advised him that we were going to settle for the $2,500.00, I wasn't going to do anything further because until we got the money there was nothing else to do."

And:

"Q You, of course, at no time, agreed to accept a promise to pay $2,500.00 in lieu of your cause of action for the tort, did you?

"A Not hardly."

Defendants contend the tort claim is "of another kind," and that § 419 applies. We would call defendants' attention, however, to § 417 of the Restatement which reads:

"§ 417. An Accord; Its Effect When Performed and When Broken.

"Except as stated in §§ 142, 143 with reference to contracts for the benefit of third persons and as stated in § 418, the following rules are applicable to a contract to accept in the future a stated performance in satisfaction of an existing contractual duty, or a duty to make compensation:

(a) Such a contract does not discharge the duty, but suspends the right to enforce it as long as there has been neither a breach of the contract nor a justification for the creditor in changing his position because of its prospective non-performance.

(b) If such a contract is performed, the previously existing duty is discharged.

(c) If the debtor breaks such a contract the creditor has alternative rights. He can enforce either the original duty or the subsequent contract."

And the Arizona Court of Appeals has stated:

"It appears from the record that the trial court was of the opinion that the settlement agreement was a mere executory accord, without satisfaction and therefore constituted no bar to the enforcement of the original claim. He was correct in this respect. See 1 Am.Jur.2d Accord and Satisfaction § 47. It is true that when

the parties to a pending suit compromise the cause of action, *and the terms of the compromise are complied with* the parties are bound by the agreement and the suit is ended. 15A C.J.S. Compromise and Settlement § 22, page 221. Here, however, the terms of the compromise had not been complied with." *Aritex Land Company v. Baker*, 14 Ariz.App. 266, 273–74, 482 P.2d 875, 882–83 (1971).

This interpretation of the law is not only more logical since it does not require the plaintiff to give up her right of action in tort until the defendants have complied with the terms of the new agreement, but it also comports with the intention of the plaintiff as testified to by plaintiff's attorney.

It is unreasonable to assume that an attorney would give up his client's tort claim for a promise to pay without specifically indicating the intention to do so. It is doubtful that the plaintiff's attorney would have agreed to the settlement unless he believed the settlement funds would be forthcoming. The facts do not support a finding that the settlement agreement operated to extinguish the tort claim before the agreement was performed.

But defendants further contend that even if there was an unreasonable delay it was not a material breach of the agreement because there was no provision that time was of the essence. Defendants cite 17A C.J.S. Contracts § 422(1):

"Where time is of the essence of the contract, failure to perform within the time stipulated is ground for rescission. If time is not of the essence, mere delay in performance is not considered a material breach justifying rescission. Mere delay in the execution of a contract, the terms of which will be satisfied by performance within a reasonable time, does not in itself entitle the other party to rescind, but, to have this effect, the implication arising from nonperformance of the contract must be inconsistent with its being still in force. Where it is intended that performance shall be within a rea-

sonable time, one party may not suddenly and in the absence of reasonable notice, terminate the contract while the other is endeavoring in good faith to perform it."

Even if we apply this rule to the facts of this case, it would be of no help to the defendants. All this authority indicates is that a reasonable delay in the performance of a contract will not be considered a material breach when time is not of the essence. An unreasonable delay is still a material breach.

The order of the trial court in granting the motion of the defendants for summary judgment is set aside and the matter remanded for trial on the merits.

HAYS and GORDON, JJ., concur.