618 P.2d 616

**William H. DRUMMOND, Plaintiff–Appellant,**

v.

**Louis A. STAHL and Jane Doe Stahl, husband and wife, and Streich, Lang, Weeks, Cardon and French, a Professional Association, Defendants–Appellees.**

**No. 1 CA–CIV 4531.**

Court of Appeals of Arizona, Division 1, Department C.

Aug. 19, 1980.

Rehearing Denied Sept. 24, 1980.

Review Denied Oct. 15, 1980.

Kunz & Waugh, Ltd., by Donald R. Kunz, Phoenix, for plaintiff–appellant.

Lewis and Roca by John P. Frank, Walter Cheifetz, Thomas C. Horne, Phoenix, for defendants–appellees.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by John H. Westover, Phoenix, amicus curiae.

## OPINION

OGG, Chief Judge, Division 1.

The appellant/plaintiff, William H. Drummond, brought suit in the Maricopa County Superior Court alleging a tortious interference by the appellees/defendants with an attorney–client contractual relationship of which Drummond, as a practicing member of the State Bar of Arizona, was the beneficiary. Drummond asserts the elements of such a cause of action are set forth in the case of *Middleton v. Wallich's Music & Entertainment Company, Inc.,* 24 Ariz.App. 180, 536 P.2d 1072 (1975). The defendant, Louis A. Stahl, is also a practicing member of the State Bar of Arizona. The remaining defendants are Stahl's law firm, a professional association, and his wife. After all pleadings were filed, the trial judge granted defendants' motion for summary judgment and plaintiff filed this appeal. The State Bar of Arizona was granted permission by this court to file an Amicus Curiae brief and participate in oral argument of this appeal.

Drummond sets out the two threshold issues to be determined as:

1. Are Stahl and his law firm "absolutely privileged" to institute disqualification proceedings in the trial court to prevent Drummond's further participation in pending civil litigation?

2. Are Stahl and his law firm "absolutely privileged" under the facts of this case to file charges of unethical conduct against Drummond with the State Bar of Arizona?

In this appellate review of the summary judgment, we must view the evidence and the inferences to be drawn therefrom in a light most favorable to the appellant. *Poggi v. Kates,* 115 Ariz. 157, 564 P.2d 380

(1977); *Riedisser v. Nelson*, 111 Ariz. 542, 534 P.2d 1052 (1975). Viewing the evidence in such a manner, it appears that Drummond was hired as a patent attorney by Walter C. Avrea and had a contractual attorney–client relationship with Avrea dating back to 1965. Drummond also represented both Avrea and a corporation, known as Saf–Gard Systems, Inc., in protecting Avrea's inventions which were licensed to Saf–Gard, and in certain other patent infringement actions where Avrea and Saf–Gard had similar interests. Drummond's representation of both Avrea and Saf–Gard was undertaken only after the possibility of a future conflict of interest was discussed by all parties and their attorneys. It was determined there was no conflict of interest in these limited areas, and if a conflict of interest did arise between Avrea and Saf–Gard, that Drummond would continue to represent his old client, Avrea.

On February 25, 1976, Drummond filed a Maricopa County Superior Court action on behalf of Avrea and others against Saf–Gard and others. On May 13, 1976, Stahl, representing Saf–Gard, notified Drummond's office by a hand–delivered letter that Drummond must withdraw as Avrea's attorney on the ground of a conflict of interest with Saf–Gard. The letter further notified Drummond that unless he withdrew from the litigation, Stahl would file charges of unethical conduct against him with the State Bar of Arizona. According to Stahl's affidavit, this letter had been prompted by notification to Stahl by Saf–Gard that Drummond had previously represented Saf–Gard and possessed confidential information that would be detrimental to Saf–Gard in the pending litigation with Avrea.

Before responding to Stahl's letter, Drummond filed a complaint against Stahl with the State Bar of Arizona and enclosed a copy of such complaint along with his reply letter which stated:

"If you want to go ahead and file the complaint, be my guest. However, if you have any interest in confirming whether you have all of the facts, please call me and we can arrange a time for you to confer with me before taking precipitous action."

When Drummond failed to withdraw as requested, Stahl did not further contact Drummond, but proceeded to file a complaint with the State Bar of Arizona. Stahl also filed a superior court motion to compel Drummond to withdraw from the pending *Avrea v. Saf–Gard* litigation. Thereafter Drummond withdrew from representing Saf–Gard in two pending patent infringement actions against third parties, while continuing his representation of Avrea.

While the Stahl complaint was pending, Drummond was requested by Saf–Gard to perform certain patent services in other cases which were in fact performed. Sometime later he withdrew from all representation of both Avrea and Saf–Gard. Upon stipulation of counsel, Stahl's superior court motion to disqualify Drummond was postponed indefinitely.

It appears that prior to Stahl's complaint with the Bar Association, Drummond had always had a good attorney–client relationship with Avrea, although Avrea owed him substantial unpaid attorney fees. The Stahl complaint and motion caused Avrea delay in his litigation while the State Bar of Arizona investigated the complaint. Because of this delay, Avrea requested that Drummond withdraw as his counsel so that new counsel could be retained to recommence the diligent prosecution of the case. After many months, with no payments on Avrea's past–due balance, Drummond filed an action to recover past–due attorney fees and expenses.

The Drummond complaint against Stahl was dismissed by the State Bar. The Stahl conflict of interest complaint against Drummond was investigated by counsel for the Arizona State Bar. The Bar counsel concluded that there was no actual conflict of interest and the Bar found no probable cause to proceed against Drummond.

In an affidavit filed by counsel for the State Bar of Arizona, the following pertinent conclusions were found:

"3. In the course of my investigation as bar counsel, I discussed Mr. Stahl's complaint with Mr. Stahl and Mr. Jock Patton of Mr. Stahl's firm. Based upon such discussions and my review of those documents and materials which I considered material and relevant to the complaint, it is my opinion that Mr. Stahl's complaint was brought in good faith.

4. Based upon my efforts in connection with my activities as bar counsel, including both legal and factual analysis, Mr. Stahl's complaint was not frivolous. It is my opinion that reasonable minds of the bar could differ as to whether there existed an ethical breach, even though it was my opinion that there was no actual conflict of interest. The issues were difficult and I did substantial deliberation on this matter."

It is Drummond's position that Stahl, while acting on behalf of his marital community and as agent of his firm, intentionally and maliciously induced or caused a breach or termination of the Avrea/Drummond attorney–client relationship, resulting in the loss of the monetary and professional expectancies to be derived therefrom.

It is Stahl's position that the motion to require Drummond to withdraw from the superior court action and the complaint filed with the State Bar of Arizona were absolutely privileged and that Drummond has no cause of action.

## WAS THE SUPERIOR COURT MOTION ABSOLUTELY PRIVILEGED?

It is our opinion that the motion filed by Stahl, on behalf of his client Saf–Gard, to compel Drummond to withdraw as Avrea's attorney in the pending *Avrea v. Saf–Gard* litigation was privileged under the facts of this case.

■ An affirmative defense, such as privilege, may be raised and determined on a motion to dismiss, where the facts constituting the defense appear in the pleadings. *Sierra Madre Development, Inc. v. Via Entrada Townhouses Association,* 20 Ariz.App. 550, 514 P.2d 503 (1973). From our reading of the pleadings and affidavits filed in the

motion for summary judgment, it appears there were sufficient undisputed facts from which the trial judge could grant summary judgment.

■ The allegation in the motion to compel Drummond to withdraw on the grounds that he had a conflict of interest is the type of defamatory statement in litigation proceedings that should be absolutely privileged. Defamatory statements contained in pleadings are absolutely privileged if they are connected with or have any bearing on or are related to the subject of inquiry. *Sierra Madre Development, Inc. v. Via Entrada Townhouses Association. See Restatement (Second) of Torts* § 587 (1977). Parties to judicial proceedings are generally granted an absolute privilege to use defamatory language in pleadings because of an "overriding public interest" that persons should speak freely and fearlessly in litigation. *Stewart v. Fahey,* 14 Ariz.App. 149, 150, 481 P.2d 519, 520 (1971). A statement made in the course of a judicial hearing is absolutely privileged as long as it bears some relation to the subject judicial proceeding. *Todd v. Cox,* 20 Ariz.App. 347, 512 P.2d 1234 (1973).

■ Although these Arizona cases do not directly involve a case of tortious interference with a contractual relationship, the reasoning and legal principles set out have application to and control the disposition of this case. The motion to force Drummond to withdraw as counsel had a direct relationship to the superior court proceedings and under the facts of this case was entitled to an absolute privilege.

## WAS THE STAHL COMPLAINT TO THE ARIZONA STATE BAR ABSOLUTELY PRIVILEGED?

Both Drummond and Stahl make basically the same arguments relative to this issue that they made to the first issue. The State Bar of Arizona contends that public policy dictates that there must be immunity to all persons from any liability arising from the filing of a complaint with the State Bar which charges an attorney with

unethical conduct. Drummond agrees there is a "conditional" privilege, both as to the making of a report of Drummond's supposed unethical conduct to the Bar Association and as to the initiation of proceedings to disqualify Drummond as Avrea's counsel in the superior court. Drummond further argues that these conditions include factual considerations such as the truth or falsity of the matters alleged, the motives of the defendant, the existence or non–existence of probable cause, and the question of whether such conduct involved legal malice. Drummond concludes that until such factual matters are determined by a trial, the granting of summary judgment is in error.

The State Bar answers this argument by stating that to allow a "conditional" privilege would allow the institution of a civil action by the mere addition of an "actual malice" allegation. This would permit a civil action against anyone who has complained to the State Bar and subject such complainant to the full, expensive scope of discovery and litigation, thus "chilling" the motivation of those who believe they have knowledge of improper legal behavior.

■ In our opinion, public policy and legal precedent compel us to adopt the position that there is an absolute privilege extended to anyone who files a complaint with the State Bar alleging unethical conduct by an attorney.

■ The State Bar of Arizona is an arm of the Arizona Supreme Court. *Bridegroom v. State Bar*, 27 Ariz.App. 47, 550 P.2d 1089 (1976). The Supreme Court has directed that written complaints against lawyers are to be filed with the State Bar. Ariz.Sup.Ct. Rule 33(a)1. The State Bar acts in a judicial capacity in dealing with the conduct of attorneys. *Wiener v. Weintraub*, 22 N.Y.2d 330, 239 N.E.2d 540 (1968); *Baggott v. Hughes*, 34 Ohio Misc. 63, 296 N.E.2d 696 (1973). The *Restatement (Second) of Torts* (1977), §§ 585–589, grants an absolute privilege for defamatory statements made in a judicial proceeding, so long as such statements bear some relationship to the proceedings.

Although there is some authority to the contrary, *Lee v. W. E. Fuetterer Battery & Supplies Company*, 323 Mo. 1204, 23 S.W.2d 45 (1929); *Sassower v. Himwich*, 236 N.Y. S.2d 491 (1962), the majority of courts that have faced this issue have held there is an absolute privilege for anyone who files a complaint alleging unethical conduct by an attorney with a State Bar Grievance Committee. *Wong v. Schorr*, 51 Hawaii 608, 466 P.2d 441 (1970); *Richeson v. Kessler*, 73 Idaho 548, 255 P.2d 707 (1953); *Kerpelman v. Bricker*, 23 Md.App. 628, 329 A.2d 423 (1974); *Wiener v. Weintraub; McCurdy v. Hughes*, 63 N.D. 435, 248 N.W. 512 (1933); *Ramstead v. Morgan*, 219 Or. 383, 347 P.2d 594 (1959).

We must weigh the possible harm to attorneys in the filing of a malicious complaint against the need to encourage the reporting of unethical conduct. In weighing these conflicting interests, it is our opinion that public policy demands the free reporting of unethical conduct if we are to continue to enjoy the privilege of a self–regulating profession.

Drummond makes a further argument that any action by the State of Arizona by either legislative enactment or judicial decision to grant an absolute privilege would amount to state action depriving Drummond of due process of law and equal protection of the laws as guaranteed by the 14th Amendment, Section 1 of the United States Constitution, and by the parallel provisions of Article 2, §§ 4 and 13 of the Arizona Constitution.

■ We have been cited to no reported cases supporting such a theory and have been unable to find any such cases. The existence of such an absolute privilege has been upheld by the majority of states that have considered this issue, and we see no validity to this challenge on constitutional grounds.

The decision of the trial court granting summary judgment is affirmed.

CONTRERAS, P. J., and JACOBSON, J., concur.