928 P.2d 1244

Scott ASHTON–BLAIR,
Plaintiff–Appellant,

v.

Fredrick D. MERRILL and Jane Doe
Merrill, husband and wife,
Defendants–Appellees.

No. 1 CA–CV 95–0235.

Court of Appeals of Arizona,
Division 1, Department E.

May 28, 1996.

Reconsideration Denied July 18, 1996.

Review Denied Jan. 14, 1997.

Scott Ashton–Blair, Ltd. by Scott Ashton–Blair, Scottsdale, for Appellant.

Law Office of Fredrick D. Merrill by Fredrick D. Merrill, Phoenix, for Appellees.

## OPINION

VOSS, Judge.

Scott Ashton–Blair appeals from the summary judgment in favor of Frederick D. Merrill. We must determine whether a respondent to a bar complaint is privileged to make defamatory statements against a complainant-attorney in his response to the complaint. We hold that an absolute privilege applies to statements related to the pending proceeding and affirm the judgment.

## BACKGROUND [1]

Ashton-Blair filed a complaint with the State Bar of Arizona against Merrill. In his response, Merrill explained and defended his conduct in his dealings with two former clients. Merrill also attacked Ashton–Blair, accusing him of encouraging people at educational seminars to hide assets and to defraud the government by setting up certain hidden trusts.

Ashton-Blair filed suit, claiming Merrill's accusations constituted defamation. Merrill filed a motion to dismiss, claiming that there was no publication of the statements because the allegedly defamatory statements appeared in a confidential response to a bar complaint. Merrill also asserted that he was absolutely privileged to make the statements whether or not they were defamatory. The trial court treated the motion as one for summary judgment and ruled that the allegations in Merrill's response were in the nature of a bar complaint and entitled to an absolute judicial privilege. Ashton–Blair filed a timely notice of appeal after the trial court denied his motion for reconsideration.

1. We view the evidence in a light most favorable to, and give the benefit of all reasonable inferences from that evidence to, the party against

## DISCUSSION

### 1. Sanctions

■ As a preliminary matter, we address Ashton–Blair's motion to strike Merrill's Response Brief. As this court pointed out in its prior order, "The briefs of both parties assert facts not supported by citations to the record and irrelevant to the legal issues on appeal." This court previously struck Exhibit A of the answering brief. In addition, we strike the Statement of Facts contained in the answering brief for failing to cite a single record reference and because it appears that some statements are completely unsupported by the trial court record. We will ignore the discussions of irrelevant factual and personal issues.

In addition to these violations of the Rules of Civil Appellate Procedure, we note that the record and briefs on appeal show that throughout this litigation, the parties have displayed hostility toward each other, choosing accusation and innuendo over reasoned discussion and legal analysis. When parties commit unreasonable infractions of the Rules of Civil Appellate Procedure, this court "may impose upon the offending attorneys or parties such reasonable penalties or damages ... as the circumstances of the case and the discouragement of like conduct in the future may require." Ariz. R. Civ.App. P. 25. Accordingly, we fine each party $500, to be paid directly to the Clerk of the Court of the Arizona Court of Appeals within thirty days from the date of this order.

### 2. Merits

In granting summary judgment, the trial court found that Merrill's response letter enjoyed the same absolute immunity as is afforded to a bar complaint. At issue here are: (1) whether defamatory statements contained in a response to a bar complaint are entitled to absolute or conditional privilege and, if so, (2) whether this privilege abrogates Ashton–Blair's constitutionally guaran-

whom summary judgment was granted. *Hill–Shafer Partnership v. Chilson Family Trust,* 165 Ariz. 469, 472, 799 P.2d 810, 813 (1990).

teed right to sue for damage to his reputation.

### a. Privilege

Merrill argues that an absolute privilege, or immunity,[2] extends to anyone who complains to the Arizona State Bar about an attorney's allegedly unethical conduct. Ashton–Blair argues that the privilege does not apply because these defamatory statements came in a response to a bar complaint against Merrill. He contends that Merrill's response discusses wholly unrelated activities and lacked the required nexus to the bar complaint proceeding. In the alternative, Ashton–Blair argues that Merrill enjoyed, at most, a conditional privilege for which questions of material fact remain. We determine whether a privilege exists *de novo* as an issue of law. *Lewis v. Oliver,* 178 Ariz. 330, 333, 873 P.2d 668, 671 (App.1993), *cert. denied, Oliver v. Lewis,* 513 U.S. 929, 115 S.Ct. 319, 130 L.Ed.2d 280 (1994).

Because the Arizona State Bar acts in a judicial capacity in dealing with attorneys' conduct, an absolute judicial privilege protects anyone who files a complaint with the organization. *Drummond v. Stahl,* 127 Ariz. 122, 126, 618 P.2d 616, 620 (App.1980), *cert. denied,* 450 U.S. 967, 101 S.Ct. 1484, 67 L.Ed.2d 616 (1981). Persons making allegedly defamatory statements in connection with a judicial proceeding are protected "so long as such statements bear some relationship to the proceeding." *Id.* If the statements are related to the proceeding, the privilege applies despite the fact that Merrill's defamatory statements were made in a response to, rather than in, a bar complaint. *See generally,* RESTATEMENT (SECOND) OF TORTS §§ 585–587 (1977).

Here, the original complaint filed by Ashton–Blair is not part of our record. We may only consider the matters in the record before us. As to matters not in our record, we presume that the record before the trial court supported its decision. *Lewis,* 178 Ariz. at 338, 873 P.2d at 676. Thus, we presume that Merrill's response bore the required relationship to the complaint before the Arizona State Bar. Accordingly, Merrill was entitled to absolute immunity for his statements, and the trial court did not err in granting summary judgment.

Moreover, after examining the materials in our record, we are convinced that the required nexus existed. Reading Merrill's response, we conclude that Ashton–Blair's complaint alleged that Merrill acted improperly when he set up a living trust for a married couple. Merrill responded that he acted in accordance with the clients' wishes and conformed to applicable laws and ethical rules. Merrill speculated that the clients' subsequent dissatisfaction arose only after speaking with Ashton–Blair. Merrill intimated that Ashton–Blair frightened elderly people into creating trusts that are designed to defraud the government and that Ashton–Blair must have convinced the clients that his estate planning devices were more appropriate. Merrill's response explained what he believed were inconsistencies in the clients' behavior and addressed a possible motive or bias on Ashton–Blair's part. In doing so, Merrill implied that he thought Ashton–Blair's conduct may violate the law.[3]

Lastly, the public policy of the state also leads us to conclude that an absolute privilege applied here. In the context of regulating attorneys' conduct, an absolute rather than a conditional privilege exists to encourage reporting of perceived unethical conduct by eliminating the fear of a defamation suit. *Drummond,* 127 Ariz. at 126, 618 P.2d at 620. While *Drummond* only dealt with a formal complaint to the Arizona State Bar, we see no reason why the policy would not extend to a response that may act as a complaint in

---

2. The Arizona Supreme Court stated that in the context of defamation actions, the term absolute privilege is interchangeable with the term absolute immunity. *Green Acres Trust v. London,* 141 Ariz. 609, 613 n. 1, 688 P.2d 617, 621 n. 1 (1984).

3. We note that in the context of judicial immunity, "[t]he defamatory content of the communication need not be 'strictly relevant,' but need only have 'some reference to the subject matter of the proposed or pending litigation....'" *Green Acres Trust,* 141 Ariz. at 613, 688 P.2d at 621 (1984) (quoting RESTATEMENT (SECOND) OF TORTS § 586 cmt. c (1977)).

**318**

part. This approach furthers the favored policy of encouraging reporting of possible misconduct. We see no benefit to the public in requiring the formal expedient of filing a separate complaint. Another consideration is that the absence of an absolute privilege may spawn collateral litigation of defamation claims springing from complaints to the Arizona State Bar. This result would destroy the confidentiality of these proceedings by making the complaint and response in an unresolved proceeding part of a record open to the public. Furthermore, resolutions of complaints would be delayed as the Arizona State Bar awaited the outcome of any such collateral litigation.

### b. Constitutionality of the Privilege

■ An absolute privilege in these matters does not unconstitutionally abrogate Ashton–Blair's right to sue for damages to his reputation. *See generally,* ARIZ. CONST. art. XVIII, § 6; *Yetman v. English,* 168 Ariz. 71, 82, 811 P.2d 323, 334 (1991). Common law immunities, including judicial immunity, do not abrogate a cause of action but are longstanding public policy determinations that causes of action do not exist in certain privileged situations. *See Evenstad v. State,* 178 Ariz. 578, 586, 875 P.2d 811, 819 (App. 1993) (immunities do not abrogate cause of action). Thus, our decision does not abrogate Ashton–Blair's right to sue. Rather, it concludes that the Arizona Constitution never guaranteed a cause of action for any perceived harm coming from these statements in this context.

### CONCLUSION

The decision of the trial court to grant summary judgment in favor of Merrill is affirmed.

GERBER, P.J., and THOMPSON, J., concur.