130 P.3d 1000

**Allan U. SOBOL, Plaintiff/Appellant,**

v.

**Jerry B. MARSH, Defendant/Appellee.**

**No. 1 CA–CV 05–0199.**

Court of Appeals of Arizona,
Division 1, Department A.

April 5, 2006.

Jaburg & Wilk, P.C. By Kraig J. Marton, Gregory S. Fisher, Phoenix, Attorneys for Defendant/Appellee.

## OPINION

KESSLER, Judge.

¶ 1 Appellant Allan U. Sobol ("Sobol") filed a defamation suit against Appellee Jerry B. Marsh ("Marsh") based upon statements made in Marsh's complaint to the Board of Legal Document Preparers ("the Board") and the Better Business Bureau. The superior court dismissed the complaint and awarded sanctions against Sobol. It also ordered Sobol to pay Marsh's mediation expenses as a sanction under Rule 11(a) of the Arizona Rules of Civil Procedure ("Rule 11(a)"). Sobol timely appealed those rulings. For the following reasons, we affirm the superior court's dismissal, and hold that complaints to the Board regarding unethical conduct of a Legal Document Preparer ("LDP") are absolutely privileged under Arizona common law.[1]

## FACTS AND PROCEDURAL BACKGROUND

¶ 2 In 2004, Marsh petitioned for divorce. One month later, Marsh received a solicitation letter from Sobol explaining that Audrey Marsh, Marsh's wife, had contacted Sobol to assist her in working towards an amicable settlement of their divorce. In his letter, Sobol listed his qualifications in resolving domestic relations issues and explained that mediation was a voluntary process for both parties. Marsh contends he was unaware that Sobol had previously prepared legal documents on behalf of his wife when he engaged in mediation proceedings. Settlement conversations were unsuccessful and Sobol resigned as mediator. At all times throughout the mediation proceedings, Marsh believed Sobol was a neutral mediator for both

parties. However, Marsh later learned that Sobol not only served as mediator, but had also prepared his wife's response to the petition for dissolution of marriage.

¶ 3 Marsh filed a complaint against Sobol with the Better Business Bureau. He also complained to the Board, alleging a breach of section 7–208 of the Arizona Code of Judicial Administration ("ACJA"). Marsh alleged Sobol violated the ACJA ethics standard code of conduct by neglecting to disclose "that he had a prior relationship with [Marsh's] wife dating back [ten] days before he introduced himself as a neutral mediator." Marsh requested revocation of Sobol's LDP certificate. Sobol responded that he verbally informed Marsh of his business relationship with Marsh's wife and that Marsh never objected to it. After initial investigation of Marsh's complaint, a probable cause panelist for the Board concluded probable cause existed that Sobol committed the alleged violations, and suggested sanctions against him pursuant to ACJA § 2–708(H)(15).

¶ 4 Sobol then filed a complaint in the superior court accusing Marsh of libel and slander. In his complaint, Sobol alleged Marsh's statements to the Better Business Bureau and the Board were false and defamatory. He also argued that, as a result of Marsh's statements, he suffered loss to his business and professional reputation and requested the court to award him general and special damages. Marsh moved to dismiss the complaint. However, the motion addressed only the complaint to the Board, claiming that Marsh was entitled to immunity for that complaint. Sobol's response to the motion did not address the issue of immunity but merely impugned Marsh's motion as based on falsehoods. The superior court held a hearing on Marsh's motion to dismiss.[2]

¶ 5 The court dismissed Sobol's entire complaint, holding that Marsh's communication to the Board was absolutely privileged. The order did not specifically address the reasons

---

1. In a separate memorandum decision, we affirm the dismissal of the claim based on the communication to the Better Business Bureau and the award of sanctions. Rule 111(h), Rules of the Arizona Supreme Court.

2. Sobol has not provided this Court with a transcript of that hearing.

for dismissing the complaint concerning the Better Business Bureau. The court awarded Marsh mediation expenses pursuant to Rule 11(a). In dismissing Sobol's complaint with prejudice and awarding mediation expenses, the superior court noted Sobol had previously filed suit against another person who had complained to the Board about his conduct, and had a third suit pending. Sobol timely appealed. Shortly after, Sobol filed a motion for reconsideration, which the superior court denied.[3] Sobol appealed from the underlying judgment but not the denial of the motion for reconsideration. This Court has jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12–2101(B) (2003).

## DISCUSSION

¶ 6 Sobol contends Marsh is not entitled to immunity for his complaints to the Board and the Better Business Bureau. In this opinion, we address whether the superior court erred in dismissing the claims relating to Marsh's complaints to the Board on grounds of absolute privilege.[4] We review de novo the superior court's order to dismiss Sobol's complaint. *Fairway Constructors, Inc. v. Ahern,* 193 Ariz. 122, 124, ¶ 6, 970 P.2d 954, 956 (App.1998).

¶ 7 As a preliminary matter, we must address the applicability of absolute privilege to complaints to the Board. Sobol failed to address absolute privilege in his response to the motion to dismiss below. As a general rule, a party cannot argue on appeal legal issues and arguments that have not been specifically presented to the trial court. *Ruth v. Industrial Comm'n,* 107 Ariz. 572, 574, 490 P.2d 828, 830 (1971). Sobol consequently waived his right to raise the issue in this appeal.

¶ 8 However, waiver is "merely a rule of procedure, and not a matter of jurisdiction." *Town of S. Tucson v. Board of Supervisors of Pima County,* 52 Ariz. 575, 582, 84 P.2d 581, 584 (1938). *Accord Dombey v. Phoenix Newspapers, Inc.,* 150 Ariz. 476, 482, 724 P.2d 562, 568 (1986). One exception to the rule is for questions of "general public nature," especially when they relate to issues of law affecting the "interests of the state at large." *Id.* at 583, 84 P.2d at 584. *Accord Barrio v. San Manuel Div. Hosp. for Magma Copper Co.,* 143 Ariz. 101, 104, 692 P.2d 280, 283 (1984). The case at bar meets this criteria. The facts are not at issue. Whether absolute immunity from civil suit applies to a complaint against an LDP is a question of considerable importance to the state. Thus far, courts have addressed the application of absolute immunity to defamatory statements under the common law in the context of complaints to the State Bar of Arizona concerning unethical conduct of attorneys. The issue has not been addressed with regards to complaints concerning LDP conduct. Our decision here will impact claimants and LPDs throughout the State. Moreover, the issue has been fully briefed on appeal. We will therefore resolve the question presented.

¶ 9 As a matter of public policy and legal precedent, anyone who files a complaint with the State Bar alleging unethical conduct by an attorney is entitled to a common law absolute privilege[5] from civil suit. *See, e.g., Drummond v. Stahl,* 127 Ariz. 122, 126, 618 P.2d 616, 620 (App.1980); *Ashton–Blair v. Merrill,* 187 Ariz. 315, 317, 928 P.2d 1244, 1246 (App.1997). In *Drummond,* the plaintiff brought suit against opposing defense counsel based on charges of unethical conduct filed with the State Bar. 127 Ariz. at

3. The superior court did not give a reason for denying Sobol's motion for reconsideration.

4. We decline to address Marsh's request to affirm the superior court's decision on truth as an absolute defense. Generally, a judgment of the trial court will be sustained, if it can be sustained, upon any theory which is within the issues and supported by the evidence. *Cross v. Cross,* 94 Ariz. 28, 31, 381 P.2d 573, 575 (1963). However, Marsh did not argue this defense below and, absent exceptional circumstances, we

will not consider arguments raised for the first time on appeal. *McDowell Mountain Ranch Land Coalition v. Vizcaino,* 190 Ariz. 1, 5, 945 P.2d 312, 316 (1997) (parties may not raise arguments for the first time on appeal).

5. In the context of defamation actions, the Arizona Supreme Court has stated that the terms "absolute privilege" and "absolute immunity" are interchangeable. *Green Acres Trust v. London,* 141 Ariz. 609, 613 n. 1, 688 P.2d 617, 621 n. 1 (1984).

123, 618 P.2d at 617. The plaintiff alleged tortious interference with his privileged attorney-client relationship. *Id.* This Court weighed "the possible harm to attorneys in the filing of a malicious complaint against the need to encourage the reporting of unethical conduct," and held that public policy and legal precedent required a decision in favor of extending absolute immunity to complaints to the Arizona State Bar. *Id.* at 126, 618 P.2d at 620. We explained that granting immunity for State Bar complaints was necessary because of " 'overriding public interest' that persons should speak freely and fearlessly in litigation." *Id.* at 125, 618 P.2d at 619 (quoting *Stewart v. Fahey*, 14 Ariz.App. 149, 150, 481 P.2d 519, 520 (1971)). *Accord Ashton–Blair*, 187 Ariz. at 317, 928 P.2d at 1246 (attorney's defamatory statements made in response to complaint to the State Bar were shielded by absolute immunity). This rule was later incorporated into Rule 80(a)(6), Rules of the Arizona Supreme Court (providing absolute immunity to the Bar, Bar staff, the complainant and all witnesses relating to proceedings).

¶ 10 Although the prior cases do not address complaints against LDPs, the analysis and legal principles of those cases apply equally to the case at hand. Following the common law rationale, a decision conferring absolute immunity for Marsh's complaints to the Board against Sobol promotes public policy encouraging people to report ethical violations, and furthers Marsh's interest to freely and truthfully inform the Board of Sobol's alleged unethical conduct.[6] As we explained in *Ashton–Blair*,

> [T]he absence of an absolute privilege may spawn collateral litigation of defamation

claims springing from complaints to the Arizona State Bar. This result would destroy the confidentiality of these proceedings by making the complaint and response in an unresolved proceeding part of a record open to the public. Furthermore, resolutions of complaints would be delayed as the Arizona State Bar awaited the outcome of any such collateral litigation.

*Id.* at 318, 928 P.2d at 1247.

¶ 11 Likewise, denying absolute immunity to Marsh's statements to the Board will result in unreported unethical conduct and further unnecessary litigation. Therefore, common law principles combined with public policy considerations require that Marsh's complaint to the Board against Sobol be protected by absolute immunity.

¶ 12 Sobol argues that section 7–208(H)(1)(g) of the ACJA does not afford any immunity, absolute or qualified, to complainants.[7] This has no bearing upon our analysis. Section 7–208(H)(1)(g) simply supplants the second part of Rule 80(a)(6) by providing qualified immunity only to those performing official duties as staff members, Board members, or Board advisors. The text of section 7–208(H)(1)(g) does not address immunity for complainants, thus not affecting the common-law immunity for complainants codified by Rule 80(a)(6).

¶ 13 As a result, common-law immunity and public policy confirm that complainants to the Board against LDPs should be subject to absolute immunity from litigation based on those complaints. The superior court therefore correctly concluded that Marsh's complaints to the Board against Sobol were absolutely privileged.[8]

---

**6.** The Arizona Supreme Court adopted § 7–208 of the code of conduct to apply to all certified LDPs in the State. Subsections (a)-(c) establish that an LDP shall, at all times, comply with the law and act "in a manner that promotes public confidence in the integrity and impartiality of the legal and judicial systems." ACJA § 2–708, App. A, Code of Conduct, Standard 1(a). An LDP shall also "make full disclosure to a consumer of any relationships which may give the appearance of a conflict of interest." ACJA § 2–708, App. A, Code of Conduct, Standard 1(c).

**7.** Section 7–208(H)(1)(g) states:

> Persons appointed by the supreme court to serve in an advisory capacity to the Legal Document Preparer Program, staff of the Legal Document Preparer Program, hearing officers and employees of the AOC who participate in the Legal Document Preparer Program are immune from civil liability for good faith conduct that relates to their official duties.

**8.** We note that another panel of this Court has similarly affirmed the dismissal of another complaint brought by Sobol against another complainant. *Sobol v. Alarcon*, 1 CA–CV 04–0720, 212 Ariz. 315, 131 P.3d 487, 2006 WL 798941 (Ariz.App. Mar. 30, 2006).

## CONCLUSION

¶ 14 For the reasons stated above and in the separate memorandum decision filed simultaneously with this opinion, we affirm the superior court's dismissal of Sobol's complaint and award of sanctions. Additionally, we award Marsh attorney's fees and costs incurred on this appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21(c).

CONCURRING: DANIEL A. BARKER, Presiding Judge and JAMES B. SULT, Judge.