NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

D'ANNA P.,
*Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, A.D.,
*Appellees.*

No. 1 CA-JV 17-0088
FILED 10-5-2017

Appeal from the Superior Court in Maricopa County
No. JD29433; JS18397
The Honorable Bruce R. Cohen, Judge
The Honorable Jacki Ireland, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

David W. Bell, Attorney at Law, Mesa
By David W. Bell
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By JoAnn Falgout
*Counsel for Appellee DCS*

---

**MEMORANDUM DECISION**

---

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge Margaret H. Downie joined.

---

**B R O W N**, Judge:

¶1　　　　In March 2016, the Department of Child Safety ("DCS") filed in the superior court a petition for termination of Mother's parental rights to her child, A.D., based on grounds of abandonment and 15 months in an out-of-home placement. Mother, who was residing in Tennessee at the time, failed to appear telephonically at a subsequent status conference. Although her counsel noted an objection to proceeding in Mother's absence, the court found no good cause "at least as of this point" for Mother's nonappearance. The court explained that Mother's counsel could file a proper motion if he later discovered Mother had good cause for her failure to appear. After considering evidence presented by DCS, the court found that DCS met its burden of proving both grounds alleged in the petition.

¶2　　　　Mother timely appeals from the superior court's termination order. She argues the court erred, and denied her due process, in finding that she failed to appear at the status conference without good cause.

¶3　　　　The superior court may proceed in a parent's absence and terminate parental rights "based on the record and evidence presented" if the parent failed to appear "without good cause," had adequate notice of the hearing, and was admonished that failure to appear could constitute a waiver of parental rights and an admission of the allegations in the petition. Arizona Revised Statutes section 8–537(C); see also Ariz. R.P. Juv. Ct. 64(C). A parent shows good cause for failing to appear by proving "(1) mistake, inadvertence, surprise or excusable neglect exists and (2) a meritorious defense to the claim exists." *Christy A. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 299, 304, ¶ 16 (App. 2007). We review the court's finding that a parent failed to appear without good cause for an abuse of discretion. *Adrian E. v. Ariz. Dep't of Econ. Sec.*, 215 Ariz. 96, 101, ¶ 15 (App. 2007).

¶4　　　　Mother argues, for the first time, that she did not receive proper notice of the hearing. Her argument, however, is based solely on an alleged communication between Mother's trial counsel and her appellate counsel suggesting a letter addressed to Mother had been returned. Neither

the alleged communication nor the letter are part of the superior court record and therefore we will not consider them. *Ashton-Blair v. Merrill*, 187 Ariz. 315, 317 (App. 1996) ("We may only consider the matters in the record before us. As to matters not in our record, we presume that the record before the trial court supported its decision.").

¶5            Without any evidence to support her argument, Mother has failed to meet her burden of showing the superior court abused its discretion. Indeed, Mother does not argue on appeal that she had good cause for failing to appear at the status conference. She does not point to anything in the record suggesting she did not have proper notice nor does she assert a meritorious defense to the petition for termination. Accordingly, we affirm the superior court's order terminating Mother's parental rights to A.D.



AMY M. WOOD • Clerk of the Court
FILED:  AA