NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

VAN FLURY, et al., *Plaintiffs/Appellants*,

*v.*

DANIEL D. MACDONALD, et al., *Defendants/Appellees*.

No. 1 CA-CV 21-0177
FILED 12-7-2021

Appeal from the Superior Court in Maricopa County
No. CV2020-056064
The Honorable Sara J. Agne, Judge

**AFFIRMED**

COUNSEL

Van Flury, Glendale
*Plaintiff/Appellant*

Jardine, Baker, Hickman & Houston PLLC, Phoenix
By Bradley R. Jardine
*Counsel for Defendants/Appellees*

**MEMORANDUM DECISION**

Presiding Judge Cynthia J. Bailey delivered the decision of the Court, in which Judge Jennifer M. Perkins and Judge Maria Elena Cruz joined.

**B A I L E Y**, Judge:

¶1        Van Flury appeals the superior court's dismissal of his defamation lawsuit against Daniel MacDonald and Sandra Hickman. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        In December 2019, Hickman petitioned for an injunction against harassment against Flury. She alleged Flury came into her store several times and complained in a loud, incoherent manner that her business signage obstructed the view of his nearby used car lot. She also contended that he parked his used cars in spaces designated for her business.

¶3        Flury filed suit against Hickman and her husband, MacDonald, alleging Hickman "published in print, defamatory matter, in a court affidavit filing directly pertaining to the plaintiff and plaintiff's business, Consolidated Motors." The superior court granted with prejudice Hickman and MacDonald's motion to dismiss, concluding that the statements in the injunction against harassment petition were absolutely privileged.

¶4        We have jurisdiction over Flury's timely appeal under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) and 12-2101(A)(1).

## DISCUSSION

¶5        Initially, MacDonald and Hickman question whether Flury, a non-attorney, can pursue this appeal filed under the party name "Van Flury, d/b/a Consolidated Motors," because a non-attorney may not represent a business entity. There is no record evidence that Consolidated Motors is a legal entity, however. A "d/b/a" or "doing business as" designation "is merely descriptive" and "does not create an entity distinct from the person operating the business." *State v. Ivanhoe*, 165 Ariz. 272, 274 (App. 1990) (citation omitted). Thus, despite the "d/b/a" designation, Flury could properly file this appeal on behalf of himself and Consolidated Motors.

I.        Dismissal of Defamation Claim

¶6        Flury argues the court erred in dismissing the defamation claim based on a judicial proceedings privilege. We review a grant of a

motion to dismiss *de novo*. *Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶ 7 (2012).

**¶7** An absolute privilege protects participants in judicial proceedings from defamation claims. *Green Acres Tr. v. London*, 141 Ariz. 609, 613 (1984); *see also Christakis v. Deitsch*, 250 Ariz. 246, 250, ¶ 9 (App. 2020) (applying an absolute privilege to an injunction against harassment petition). "The privilege protects judges, parties, lawyers, witnesses and jurors," notwithstanding "the speaker's motive, purpose or reasonableness in uttering a false statement." *Green Acres Tr.*, 141 Ariz. at 613. "Defamatory statements contained in pleadings are absolutely privileged if they are connected with or have any bearing on or are related to the subject of inquiry." *Drummond v. Stahl*, 127 Ariz. 122, 125 (App. 1980) (citations omitted).

**¶8** Flury's defamation claim rested solely on the statements included in Hickman's injunction against harassment petition. Statements contained in such filings are absolutely privileged and cannot support a defamation claim. *See Christakis*, 250 Ariz. at 250, ¶ 9. Flury argues that some of Hickman's statements were extrajudicial and not privileged, *see Drummond*, 127 Ariz. at 125, but he does not explain which statements. The court properly dismissed the defamation claim.

**¶9** Flury also argues the superior court, by considering the attachments to the motion to dismiss, implicitly converted the motion into one for summary judgment without permitting Flury to respond in kind. But the court may consider any public record referenced in the complaint without converting a Rule 12(b)(6), Ariz. R. Civ. P., motion into a summary judgment motion. *Coleman*, 230 Ariz. at 356, ¶ 9. The superior court properly considered the attached complaint, injunction against harassment filing, hearing request, and court order without converting the motion. *See id.*

II.     Attorneys' Fees and Costs

**¶10** We award MacDonald and Hickman reasonable attorneys' fees and taxable costs upon compliance with Rule 21, ARCAP. The superior court dismissed Flury's defamation claim because the purportedly defamatory statements were absolutely privileged. On appeal, Flury did not present any legal authority for his argument that the absolute privilege does not apply. MacDonald and Hickman have met their burden of showing that the appeal was groundless and not made in good faith. *See* A.R.S. § 12-349(A)(1), (F).

**CONCLUSION**

¶11        For the reasons stated above, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:     AA