NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

MATTHEW P. SLAWSON, *Petitioner/Appellant*,

*v.*

CATHERINE SLAWSON, *Respondent/Appellee*.

No. 1 CA-CV 24-0628 FC

FILED 07-29-2025

Appeal from the Superior Court in Maricopa County
No. FC2007-008337
The Honorable Steven McCarthy, Judge

**VACATED**

COUNSEL

Reardon House Colton, PLC, Scottsdale
By Taylor S. House
*Counsel for Petitioner/Appellant*

Law Offices of Jodie D. Cuccurullo, Phoenix
By Jodie Cuccurullo
*Co-Counsel for Respondent/Appellee*

Al Arpad, Esq., Phoenix
By Alexander R. Arpad
*Co-Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Samuel A. Thumma joined.

---

**P A T O N**, Judge:

¶1 Matthew P. Slawson ("Husband") seeks to appeal from a 2024 minute entry extending the time, first imposed in a 2009 agreement and purportedly extended in a 2018 minute entry, for Catherine Slawson ("Wife") to refinance or sell the marital home. Because the superior court lacked authority to enter the 2018 and 2024 minute entries, we lack authority to consider the merits of Husband's appeal. Accordingly, we vacate the superior court's 2018 and 2024 minute entries.

## FACTS AND PROCEDURAL HISTORY

¶2 Husband and Wife married in 1998. Husband petitioned for dissolution of marriage in October 2007. In January 2009, the parties entered into a Marital Settlement Agreement ("Agreement"), which awarded Wife the home as her "sole and separate property." The Agreement stated that Wife:

> [S]hall remain in the marital home for up to two (2) years from September 8, 2008 . . . [Wife] is responsible for all mortgage(s), insurance, taxes and general repair to the property . . . Within the next two (2) years the parties are free to agree to other terms regarding the home refinancing or sale. However, if no agreement has been reached, the property shall be placed for sale by September 8, 2010. Each party shall receive one half of the net proceeds.

The Agreement also specified that it "shall be incorporated, but not set forth or merged into any decree entered by said Court in said action and shall survive as an independent contract of the parties and its validity shall have res judicata effect." The superior court then approved the Agreement and entered the decree of dissolution in January 2009, incorporating by reference (but not merging) the Agreement into the decree.

¶3 Wife did not refinance or sell the home by the required September 2010 deadline. About eight years later, in July 2018, Husband

filed a "petition to enforce court order about division of property," demanding that Wife sell the home or let him take possession of it. Husband filed that petition under Arizona Revised Statutes ("A.R.S.") Section 25-318, which governs divisions of property in marriage dissolution proceedings. The petition stated that Husband "let [Wife] stay in the [home] for an additional 8 years past when the court ordered the sale of the house[.]"

¶4 The court's November 2018 unsigned minute entry directed Wife to either refinance the mortgage in her name alone by July 2019, or sell the home and split the proceeds with Husband.

¶5 More than four years after that July 2019 deadline, in October 2023, Husband filed a "Motion to Compel and Motion to enforce [Wife] to comply [with] court order [issued] on 11-08-2018." Husband argued in the motion that Wife "[intentionally] and [deliberately] failed to comply with the court order . . . which requires [Wife] to sell the marital residence and divide the proceeds equally between the parties[.]"

¶6 In May 2024, the superior court held an evidentiary hearing on the motion where Husband and Wife testified. Citing extenuating circumstances, the court issued a minute entry purporting to extend Mother's refinancing deadline to November 2024 or sell the home if she failed to refinance by that date, also affirming that the Agreement awarded the home to Wife as her sole and separate property.

¶7 Husband filed a timely notice of appeal from the May 2024 minute entry.

**DISCUSSION**

¶8 If a separation agreement in a family court matter specifies that it is incorporated by reference and not merged into the dissolution decree, the agreement "is subject to the rights and limitations of contract law." *In re Marriage of Rojas*, 255 Ariz. 277, 283, ¶ 16 (App. 2023) (citation omitted); *see also In re Matter of Scott v. Scott*, 1 CA-CV 24-0698 FC, 2025 WL 905112, at *2, ¶ 9 (Ariz. App. Mar. 25, 2025) (mem. decision). Agreements incorporated by reference "can only be enforced by 'a separate action on the contract, by obtaining a judgment thereon and then enforcing it as any other civil judgment.'" *Marriage of Rojas*, 255 Ariz. at 283, ¶ 17 (citation omitted).

¶9 Here, the parties' Agreement specified that it was "incorporated, but not set forth or merged into any decree entered by said

3

Court in said action and shall survive as an independent contract of the parties." Because the Agreement was incorporated but not merged into the decree, it remained an independent contract and must be enforced as an action on the contract.[1] *Meek v. Meek*, 256 Ariz. 405, 410-11, ¶ 24 (App. 2023) ("Because the decree explicitly incorporated the parties' agreement, contract law governs its terms."); *see Matter of Scott*, 1 CA-CV 24-0698 FC, at *2, ¶ 11.

**¶10**    Husband filed his 2018 petition in this family court action to enforce under the post-decree enforcement provisions of Section 25-318, rather than pursuing a contractual remedy. The form Husband completed included the following language: "Information about Divorce or Legal Separation Decree that I Want to Enforce." His October 2023 motion was also filed in this family court matter and sought similar relief.

**¶11**    But because Husband's arguments are governed by contract law, not family law, his only available remedy to enforce the terms of the Agreement was through a contract action, not a post-decree enforcement action. After Husband filed his 2018 petition to enforce, he could have amended his pleading, or filed a new pleading, to assert a contract claim regarding the home. But he did not do so, and the court did not have authority to modify the contract between them by unilaterally extending a deadline for Wife to refinance or sell the home in this family court action.

**¶12**    Accordingly, the court lacked authority to issue its 2018 minute entry requiring Wife to sell or refinance the home by a date certain. *See Marriage of Rojas*, 255 Ariz. at 287, ¶ 36. Because the family court lacked authority to issue its 2018 minute entry, it also lacked authority to consider and rule on Husband's October 2023 motion to enforce compliance with the 2018 minute entry, which resulted in the 2024 minute entry from which Husband now seeks to appeal. *See Shinn v. Ariz. Bd. of Exec. Clemency*, 254 Ariz. 255, 264, ¶¶ 34-35 (2022) (holding that an order may be void if a court lacks authority to issue it). We have an independent duty to examine whether we have the authority to consider an appeal. *See Yee v. Yee*, 251 Ariz. 71, 77, ¶ 19 (App. 2021); *Cf. McHazlett v. Otis Engineering Corp.*, 133 Ariz. 530 (1982). Although neither party raised the issue in their briefs, we

---

[1] Husband argued for the first time at oral argument that the Agreement was not valid because it was not signed by both parties when the court entered the decree in 2009. By waiting until then to first make that argument, Husband has waived any such claim. *See Sobol v. Marsh*, 212 Ariz. 301, 303, ¶ 7 (App. 2006).

asked them to address it at oral argument, which they did. We conclude that because the superior court lacked the authority to unilaterally modify the parties' contract in this family court action, we lack authority to consider the merits of Husband's appeal. We thus vacate the superior court's 2018 and 2024 minute entries without addressing the merits of Husband's claims.

## CONCLUSION

¶13 We vacate the superior court's 2018 and 2024 minute entries purporting to modify the parties' contract.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**: JR