NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

*In re the Matter of:*

KANDICE MARIE PRICE, *Petitioner/Appellee,*

*v.*

DAWN CLINGEMPEEL, DAVID SLAYDEN, *Respondents/Appellants.*

No. 1 CA-CV 19-0291 FC
FILED 2-20-2020

Appeal from the Superior Court in Mohave County
No. B8015DO201704016
The Honorable Rick A. Williams, Judge

**AFFIRMED**

COUNSEL

Kandice Marie Price, Ft. Mohave
*Petitioner/Appellee*

David Russell Slayden, Henderson, NV
*Respondent/Appellant*

---

## MEMORANDUM DECISION

Chief Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge Maria Elena Cruz and Judge Kent E. Cattani joined.

---

**S W A N N**, Chief Judge:

¶1        David Slayden appeals an order granting Kandice Marie Price's petition for immediate physical custody of R.S., a minor child, under A.R.S. § 25-409.  Slayden raises several issues on appeal that we cannot resolve because he failed to order transcripts under ARCAP 11.  He also contends that (1) the superior court lacked jurisdiction over him, (2) Price failed to provide sufficient discovery, (3) the determination of paternity was time-barred, (4) the superior court erred by granting Price physical custody, and (5) the court failed to properly authenticate text messages.  For the reasons that follow, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2        Dawn Clingempeel ("Mother") is the biological mother of R.S., born in May 2014.  Shortly after R.S.'s birth, Mother signed several powers of attorney to confer parental rights to Slayden and Price.  Mother also listed Slayden as the father on R.S.'s birth certificate.

¶3        In January 2017, Price filed a petition by a non-parent to establish legal decision-making authority under A.R.S. § 25-409(A), identifying Mother and Slayden as R.S.'s biological parents.  Court-ordered genetic testing later determined that Slayden was not R.S.'s biological father.  Thereafter, both Price and Slayden sought third-party legal decision-making authority.

¶4        After a three-day trial, the superior court granted Price's petition for immediate physical custody and ordered that Slayden "have no access or fictive parenting time rights to [R.S.]"  Slayden appeals.

### DISCUSSION

¶5        As a preliminary matter, we note that Slayden failed to provide transcripts of the superior court's proceedings under ARCAP

11(b)(1).[1] In the absence of a transcript, we assume that the record supports the superior court's findings and conclusions. *Kline v. Kline*, 221 Ariz. 564, 572, ¶ 33 (App. 2009).

¶6 Slayden first contends that Arizona lacks jurisdiction over him because he is a Nevada resident. We review de novo whether a court has subject matter jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"). *Gutierrez v. Fox*, 242 Ariz. 259, 264, ¶ 17 (2017). Under the UCCJEA, the superior court can make a child-care determination so long as (1) Arizona was the child's home state on the date of the child custody proceeding's commencement, or was the child's home state within six months before the proceeding's commencement, and (2) a parent or person acting as a parent continues to live in Arizona despite the child being absent from the state. A.R.S. § 25-1031(A)(1). A child's "home state" is "[t]he state in which [the] child lived with a parent or person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding, including any period during which that person is temporarily absent from that state." A.R.S. § 25-1002(7)(a).

¶7 Here, the superior court properly concluded that Arizona was R.S.'s home state. R.S. was born in Arizona. Although Slayden and R.S. moved to Nevada shortly after R.S.'s birth, they moved back to Arizona between December 2015 and December 2016. Slayden alleges that he and R.S. then left Arizona in December 2016—a month before the petition was filed in Arizona—and have lived in Nevada ever since. After Slayden moved to Nevada, he did not allow Price to have any contact with R.S. At the time Price filed the petition in January 2017, both Mother and Price lived in Arizona.

¶8 Slayden also contends that Price was required to appeal the superior court's denial of her request for emergency legal decision-making authority and petition for a temporary order for legal decision-making authority but failed to do so. But those denials were non-appealable orders under A.R.S. § 12-2101(A). And they do not affect the overarching petition for third-party legal decision-making authority.

¶9 Next, Slayden argues that there was error pervading several hearings, including allegedly biased statements made by the superior court, false allegations of prior domestic violence convictions, pretrial rulings

---

[1] We also note that Slayden did not seek to introduce electronic records of any proceedings under ARCAP 11(f).

prohibiting necessary witness testimony, arbitrary time limitations on witness questioning, and evidence of perjured testimony. But in the absence of transcripts, we cannot find that the court abused its discretion in ruling on those various issues.

¶10 Slayden further contends that the superior court erred by dismissing his motion to compel Price to provide discovery and to answer interrogatories. The superior court has broad discretion when ruling on disclosure and discovery matters, and we will not disturb an evidentiary ruling absent a clear abuse of discretion and resulting prejudice. *Johnson v. Provoyeur*, 245 Ariz. 239, 241–42, ¶ 8 (App. 2018). Here, Slayden has failed to show how he was prejudiced by any late disclosure. Before trial, Slayden conceded that his motion to compel was moot. Therefore, the superior court did not abuse its discretion by failing to compel Price to comply with disclosure and discovery obligations.

¶11 Slayden also contends that the superior court erred by granting Price physical custody of R.S. Specifically, Slayden alleges that Price tampered with witnesses, has used drugs in the past, committed perjury and lied to law enforcement, and is unemployed and on welfare. In essence, Slayden asks that we reevaluate witness credibility and consider additional evidence not contained in the record. We decline to do so. *See Brown v. U.S. Fid. & Guar. Co.*, 194 Ariz. 85, 92, ¶ 36 (App. 1998) ("We do not reweigh evidence or determine the credibility of witnesses."); *Ashton-Blair v. Merrill*, 187 Ariz. 315, 317 (App. 1996) ("We may only consider the matters in the record before us.").

¶12 Next, Slayden contends that the superior court erred by allowing Price to challenge paternity because the challenge was time-barred. But a party may challenge paternity at any time after the statutorily defined period on the basis of fraud, duress, or material mistake of fact. A.R.S. § 25-812(E). Fraud occurs "[w]hen a party obtains a judgment by concealing material facts and suppressing the truth with the intent to mislead the court." *McNeil v. Hoskyns*, 236 Ariz. 173, 176–77, ¶ 14 (App. 2014) (citation omitted); *see also Alvarado v. Thomson*, 240 Ariz. 12, 16–17, ¶ 21 (App. 2016) (finding fraud when individual used a fraudulent acknowledgement of paternity "to obtain a birth certificate and to avoid court proceedings that would have required a best-interests assessment").

¶13 Here, Mother alleged that even though she knew Slayden was not R.S.'s father, she listed him as the father after he demanded that his name be put on the birth certificate. We find persuasive the superior court's reasoning that Slayden's false acknowledgment of paternity "effectively

allowed him to adopt [R.S.] unlawfully, without Court proceedings to determine if Slayden was a fit and proper person to adopt, or if adoption was in [R.S.]'s best interest." *See Alvarado*, 240 Ariz. at 17, ¶ 23 (noting that where parties fraudulently collude to establish parentage, the legal determination of paternity may be set aside as "fraud on the court"). The superior court therefore did not err by concluding that the use of a fraudulent acknowledgment of paternity was a fraud on the court, and it acted within its discretion by ordering Slayden to undergo DNA testing.

¶14     Slayden counters that any fraud on the court was committed not by him but by Mother and Price. Fraud on the court occurs when a party has committed some intentional act or conduct to mislead the court. *See id.* at 16, ¶ 17. Because Mother was a "party" to both the third-party petition and the fraudulent acknowledgment of paternity, the superior court did not err by finding fraud on the court.

¶15     Slayden further contends that the superior court erred by allowing Price to request DNA testing because she is not R.S.'s biological mother. *See* A.R.S. § 25-812(E) ("[T]he mother, father or child . . . may challenge a voluntary acknowledgement of paternity."). But Mother also challenged paternity and requested genetic testing. The court therefore did not err by requiring that Slayden undergo DNA testing.

¶16     Slayden contends that Price failed to properly authenticate text messages to prove that they were sent by him. To authenticate an item of evidence, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Ariz. R. Evid. 901(a). We review the superior court's ruling on authentication for an abuse of discretion. *State v. Forde*, 233 Ariz. 543, 563, ¶ 74 (2014).

¶17     Here, Price introduced Facebook and text messages between her and Slayden. Those messages came from the Facebook account registered under Slayden's name and the text messages themselves appear to be from Slayden's phone number. Because Slayden failed to provide any evidence to show that the messages were inaccurate, doctored, or mislabeled, we find no abuse of discretion.

¶18     Slayden also contends that the superior court erred by admitting incomplete text message conversations, arguing hearsay. The rule of completeness provides that if one party introduces part of a recorded statement, *an adverse party* may require the concurrent introduction of other parts when fairness demands. Ariz. R. Evid. 106. Here, we find no error

because Slayden failed to provide the superior court with additional text messages that would complete the conversation.

¶19 Finally, Slayden contends that the superior court did not state or use Arizona rules, laws, or guidelines in its decision. We find no support for this argument as the superior court's order granting Price immediate physical custody of R.S. cites to both case law and Arizona statutes.

## CONCLUSION

¶20 For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA